No. 21304.

BANK OF KIMBALL, A NEBRASKA BANKING CORPORATION
*v.* JOHN ROSTEK.
(423 P.2d 579)

Decided February 14, 1967.

Fischer, Fischer and Beatty, Philip H. Potter, for plaintiff in error.

Alden T. Hill, Ralph H. Coyte, Alden V. Hill, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

This writ of error involves a suit brought by the Bank of Kimball against John Rostek to recover judgment on a promissory note which the bank alleged was signed by Rostek and had been "assigned and endorsed" by the payee named in the note to the bank "for consideration and the bank accepted same note in good faith and as a holder in due course and for value." The bank alleged that the defendant Rostek "has failed and refused to pay said note and the note is unpaid and in default." A copy of the note is attached to and made a part of the complaint. Pertinent parts of the note are as follows:

"$15,000                                              June 2, 1962
"Upon completion & operation of new motel per signed agreements pertaining thereto, after date, for value received, I, we (and each of us) promise to pay to Earl L. Hickman or order Fifteen Thousand and No/100 Dollars * * *."

The foregoing appears in typewritten or printed form. In ink there appears the following interlineation: "Due: Payable on or before March 1, 1963. John Rostek." In the lower lefthand corner of the instrument there appears the typewritten statement "March 1, 1963," immediately following the printed word "Due."

Without detailing the procedures followed in the trial court, it is sufficient to say it was adjudged that the above mentioned note was not a negotiable instrument and that the bank was not a holder in due course.

■ The parties in this court ask for determination of the questions as to whether the note, upon its face, was a negotiable instrument and whether the bank was a holder in due course thereof, under the allegations of the complaint. This opinion is accordingly limited to these specific issues. The questions are answered in the negative. As grounds for reversal of the judgment of dismissal the bank argues that the trial court erred in holding that the note did not "contain an unconditional promise or order to pay a sum certain in money" as required by the applicable statute C.R.S. 1963, 95-1-1.

■ In order for a promissory note to be negotiable and to pass to an endorsee thereof the protections afforded to a "holder in due course," it must contain both an unconditional promise to pay and a fixed or determinable date of payment. Any purchaser of the note signed by Rostek is definitely put on notice by the words which immediately precede the promise to pay that the motel must be completed and operating in accordance with written agreements or the note is not to be paid. The case is fully within the rules of law applied in *Jennings v. First National Bank,* 13 Colo. 417, 22 Pac. 777, in which *Baird v. Underwood,* 74 Ill. 176 was cited with approval. In *Abercrombie v. Bear Canon Coal Company,* 86 Colo. 169, 279 Pac. 42, a promissory note contained a specific reference to an independent agreement. In holding that this reference destroyed negotiability of the instrument this court said, *inter alia*:

"* * * where an instrument contains an express reference to a contemporaneous agreement, this agreement is thereby made a part of the contract sued upon and the

note and the contract under which it is made must be construed together. * * *"

It was also held in that opinion that:

"If a note is conditional, and certainly according to the allegations of the complaint this is a conditional note, no recovery can be had unless the condition has been performed or the performance waived. * * *"

In the event that the plaintiff elects to amend its complaint to include issues other than those to which this opinion is limited, leave should be granted to file such amendment. If no such election is made within ten days of issuance of remittitur herein, the judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.