WEST GREELEY NATIONAL
BANK, Plaintiff,

v.

Loretta Phares WYGANT, formerly Loretta Phares, Defendant-Appellant,

and

Hope L. Robinson and the Estate of
George A. Robinson,
Defendants-Appellees.

No. 82CA0029.

Colorado Court of Appeals,
Div. I.

Aug. 5, 1982.

James S. Kimmel, Frank Barone, Littleton, for defendant-appellant.

Louis C. Rieker, Thomas A. Richardson, Greeley, for defendants-appellees.

STERNBERG, Judge.

George Robinson purchased a money market certificate from the West Greeley National Bank in 1979, and named his stepdaughter, defendant Loretta Wygant, as the pay on death (P.O.D.) beneficiary. On April 24, 1980, however, having by then married defendant Hope Robinson, he orally requested the bank to change the beneficiary to his wife. Six months later he died. When both the widow and stepdaughter claimed to be entitled to the proceeds of the certificate, the bank filed an interpleader action under C.R.C.P. 22. The court ordered the funds to be distributed to the widow, and the stepdaughter appeals. We affirm.

Wygant contends that the deceased's oral request to change the P.O.D. beneficiary was invalid because it was not in writing and signed pursuant to § 15–15–105, C.R.S. 1973. That section provides:

"The provisions of section 15–15–104 as to rights of survivorship are determined by the form of the account at the death of a party. This form may be altered by written order given by the parties to the financial institution to change the form

**1340**

of the account or to stop or vary payment under the terms of the account. The order or request must be signed by all parties to the account, received by the financial institution during the lifetime of all parties, and not counter-manded by other written order of all parties during their lifetimes...."

The trial court held that this requirement was for the bank's protection. We agree. The intent of the depositor was to change the P.O.D. beneficiary. He went to the bank, informed the assistant cashier in charge of operations that he intended to change the beneficiary, and watched the cashier strike Wygant's name and insert his new wife's name in the blank for the P.O.D. beneficiary on the certificate. To require a writing and signature for this procedure would exalt form over substance.

Wygant next asserts that the certificate of deposit was a negotiable instrument and, therefore, required her endorsement to change the beneficiary. However, in order for an instrument to be negotiable there must be an unconditional promise to pay a sum certain. Section 4–3–104(b), C.R.S. 1973. *See also* § 4–3–109(2), C.R.S. 1973 and § 4–3–105, C.R.S. 1973. The P.O.D. clause specifically conditioned payment to Wygant on death of the owner, thus taking the instrument out of § 4–3–104 for purposes of requiring Wygant's endorsement under § 4–3–201, C.R.S. 1973.

Judgment affirmed.

COYTE and KELLY, JJ., concur.