Neva B. ROA, Plaintiff–Appellee,

v.

**Louise M. MILLER,
Defendant–Appellant.**

No. 87CA1386.

Colorado Court of Appeals,
Div. III.

July 27, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied Dec. 11, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Gunnar E. Andersson, P.C., Gunnar E. Andersson, Colorado Springs, for plaintiff-appellee.

Orville A. Kenelly, Colorado Springs, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Louise M. Miller, appeals from the judgment entered against her and in favor of plaintiff, Neva B. Roa, based upon defendant's promise to pay plaintiff $10,000. We affirm.

Plaintiff and defendant are both real estate brokers who shared a joint listing on a parcel of property in Colorado Springs. When no buyer was secured during the listing period, defendant agreed to purchase the property for herself. At the time of the closing, defendant executed and delivered to plaintiff, as partial consideration for plaintiff's commission, a document in the form of a promissory note in the princi-

pal amount of $10,000. The obligation created by this instrument was secured by a deed of trust upon the property purchased by defendant that was subordinate to an existing deed of trust.

The terms of this instrument provided that the $10,000 was payable only upon a "transfer of title ... from [defendant] conveying the property described in the trust deed." For this purpose, however, the instrument defined the term "transfer of title" to include "any change of ownership ... or encumbrance of the secured properties from [defendant] to a third party."

Some time after the execution of this instrument, the holder of the promissory note secured by the pre-existing deed of trust began foreclosure proceedings, purchased the property at the foreclosure sale, and received a certificate of purchase. Before the redemption period had expired, defendant executed a note and deed of trust in favor of a third party. And, this third party, using the deed of trust executed by plaintiff as the basis therefor, redeemed the property under circumstances that extinguished both defendant's and plaintiff's interests in the property. Plaintiff then brought suit against defendant on the written promise to pay.

In defending against plaintiff's claim, defendant asserted that the parties intended that she was to pay plaintiff the $10,000 called for by her written promise only upon her sale of the property to a third party under circumstances that resulted in a profit to her. It was not intended, she claimed, that a foreclosure sale was to constitute a "transfer of title." She argued, therefore, that a necessary condition precedent to her obligation to pay had not occurred.

In rejecting this assertion, the trial court concluded that, since the instrument made defendant's obligation to pay conditioned upon an event for which no definite time of occurrence was specified, it was a demand note under § 4–3–108, C.R.S. Thus, since the filing of suit constituted a demand for payment, any necessary condition precedent to that payment had been fulfilled.

## I.

Defendant first asserts that plaintiff's testimony was not worthy of belief and that the only credible evidence demonstrated that the $10,000 was to be paid by defendant only in the event of a profitable sale or transfer of the property by defendant. Thus, she asserts that the judgment of the trial court is not supported by the evidence. We disagree.

Credibility resolutions are for the trial court, not for an appellate court. *People ex rel. Dunbar v. Lee Optical Co.*, 168 Colo. 345, 452 P.2d 21 (1969). Further, since the liability of defendant is grounded upon the provisions of a written instrument, it is only if the provisions of that instrument are ambiguous that parol evidence of the parties' intent may be considered. *See Buckley Bros. Motors, Inc. v. Gran Prix Imports Inc.*, 633 P.2d 1081 (Colo.1981). And, the question whether an instrument is ambiguous is a question of law which may be reviewed and resolved by this court. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). As we note below, we conclude that the instrument signed by defendant contains no relevant ambiguities.

## II.

Defendant also argues that the trial court committed prejudicial error in allowing plaintiff to present evidence and argument upon two issues that were not raised by the pleadings. However, the trial court did not pass upon either of these issues, and we are not called upon to resolve either of them on this appeal. Thus, even were we to assume that the trial court erred in this regard, its error was harmless.

## III.

Defendant asserts that the trial court erred, as a matter of law, in concluding that the instrument signed by defendant was a demand note. While we agree with this premise, we nevertheless conclude that the judgment entered by the trial court was a correct one. Thus, that judgment will be affirmed. *See Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987).

In order for an instrument to be a "negotiable instrument," and thus to be subject to the statutes governing such instruments, it must contain an "unconditional promise ... to pay a sum certain." Section 4–3–104(1)(b), C.R.S. If a written agreement makes an obligation to pay subject to an express condition, so that it is not a negotiable instrument, statutory provisions relating to negotiable instruments are inapplicable to the transaction. *West Greeley National Bank v. Wygant*, 650 P.2d 1339 (Colo.App.1982). In such a circumstance, the instrument is not payable on demand, but is payable only upon the happening of the express condition. *See Bank of Kimball v. Rostek*, 161 Colo. 584, 423 P.2d 579 (1967).

Here, defendant's promise to pay was not "unconditional;" it was expressly conditioned upon her "transfer of title." Thus, the document containing that promise was not a negotiable instrument, and § 4–3–108, C.R.S., relating to demand instruments, was not applicable to it. *See West Greeley National Bank v. Wygant, supra.* In order to recover upon that instrument, therefore, plaintiff was required to prove that a transfer of title, within the instrument's meaning of that term, had occurred. *See Bank of Kimball v. Rostek, supra.* However, the undisputed evidence demonstrates that such a transfer did occur.

We do not address the issue whether the divestiture of defendant's title, which would have occurred as a result of a foreclosure sale without any redemption by defendant, would constitute a "transfer" under the instrument. Nevertheless, the instrument is unambiguous in providing that defendant's action in encumbering the property would constitute such a transfer and would cause defendant's obligation to pay to become unconditional. And, defendant's own testimony undisputedly established that, for valuable consideration, she encumbered the title to the property by a further deed of trust for the benefit of a third party.

As a result of that encumbrance and his redemption of the property, that third party became vested with full legal and equitable title to the property. Hence, defendant's encumbrance of the property constituted a transfer of title and caused her obligation to pay to become immediately performable.

Thus, the trial court committed no error in entering judgment against defendant for the amount specified in the instrument.

## IV.

Defendant finally argues that, while the instrument provided for the recovery of "reasonable attorney's fees" for any collection efforts and plaintiff requested the award of such fees in her complaint, plaintiff was required to present evidence of the amount of such fees during the course of the trial of defendant's liability. Thus, she argues that the trial court erred in conducting a hearing upon this issue after that trial had been completed. She also asserts that the evidence submitted at this subsequent hearing was insufficient to allow an award of fees. We disagree.

Whether an award of attorney fees is authorized by statute or by contract, if the award is dependent upon the achievement of a successful result in the litigation in which they are to be awarded and the fees are for services rendered in connection with that litigation, a determination of the propriety of an award of fees need not be made until that litigation is completed and the result is known. Indeed, until the litigation is completed, it may be impracticable to calculate the proper amount of fees to be awarded, either because the extent of the remaining services to be rendered cannot be ascertained until the dispute is settled or because the result achieved may, itself, impact upon the proper amount of fees to be awarded. *See Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), cited with approval in *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988).

Recognition of this realistic consideration constituted at least a part of the reason that our supreme court ruled in *Baldwin*

that the existence of an unresolved issue relating to an award of attorney fees does not prevent the court's determination upon the merits of the litigation from being a final judgment under § 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A).

Prior to the *Baldwin* decision, this court had concluded that a post-trial motion for attorney fees was a motion to amend the judgment under C.R.C.P. 59. *Torrez v. Day*, 725 P.2d 1184 (Colo.App.1986). However, since a pending motion for the award of fees for services rendered in connection with that litigation does not affect the finality of the judgment, the *Torrez* conclusion cannot withstand the *Baldwin* analysis. Rather, at least for this purpose, a post-trial motion for the award of fees is analogous to a request for taxing costs; it is not similar to a motion to amend the judgment. *See* C.R.C.P. 58(a); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *White v. New Hampshire Department of Employment Security, supra.*

We conclude, therefore, that a trial court may address the issue of the award of attorney fees for services rendered in connection with the underlying litigation on a post-trial basis, irrespective whether counsel has previously sought to "reserve" that issue.

In considering such an issue, the post-trial procedures established by C.R.C.P. 54(d) and 121 § 1–22 for the award of costs should be used as the general guidelines for the consideration and award of this type of attorney fees, but subject to the parties' right to demand an evidentiary hearing. *See Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989). And, since the procedures used by the court here were similar to those procedures, no procedural error was committed.

This type of fee award must, of course, be distinguished from a judgment for damages, which may include a sum representing attorney fees incurred as a result of other proceedings or for services rendered otherwise than in connection with the proceeding in which the judgment is entered. *See Elijah v. Fender*, 674 P.2d 946 (Colo. 1984); *Bunnett v. Smallwood*, 768 P.2d

736 (Colo.App.1988) (involving both types of fees). Whether determination of the liability of a party for reimbursement of such fees might also appropriately be deferred for post-trial consideration is an issue that we do not address.

Finally, we reject defendant's assertion that the evidence submitted in the post-trial hearing was insufficient to support the court's award. Her contention in this respect is based upon the fact that the total amount of fees sought by plaintiff and awarded by the court was less than the amount of fees that would have been produced by multiplying the hourly rate plaintiff testified she agreed to pay by the number of hours counsel claimed had been devoted to plaintiff's cause.

However, since the evidence supported the conclusion that the higher amount would be a reasonable fee, that evidence necessarily supported the conclusion that the lower amount of fees actually awarded was reasonable. Based on the evidence submitted, any computational or other error committed in requesting or awarding fees resulted in prejudice to plaintiff, not to defendant.

Judgment affirmed.

PIERCE and NEY, JJ., concur.