Carl KOONTZ, Diane Koontz, Wayne Newsom and John Murphy, Plaintiffs–Appellants and Cross–Appellees,

v.

Greg ROSENER, Defendant–Appellee, Third–Party Plaintiff, and Cross–Appellant.

REALTY WORLD–RANGE REALTY, LTD.

v.

ESTES VILLAGE PROPERTIES, LTD., a Colorado corporation, Third–Party Defendant and Cross–Appellee.

No. 87CA1733.

Colorado Court of Appeals, Div. II.

Dec. 14, 1989.

As Modified on Denial of Rehearing Jan. 18, 1990.

Frascona, Joiner & Smittkamp, Steven O. Sims and Cynthia T. Kennedy, Boulder, for plaintiffs-appellants and cross-appellees and third-party defendant and cross-appellee.

Davis & Ceriani, Gary J. Ceriani and John A. Logan, Denver, for defendant-appellee, third-party plaintiff and cross-appellant.

No appearance for third-party defendant and cross-appellee.

Opinion by Judge HUME.

Plaintiffs, Carl Koontz, Diane Koontz, Wayne Newsom, and John Murphy, appeal the judgment that dismissed their claims seeking compensation from defendant, Greg Rosener, for services rendered as employees, and awarded defendant damages on his counterclaims. Defendant cross-appeals those portions of the judgment that awarded plaintiffs an offset for commissions against his damage award, dismissed his third-party claim for unjust enrichment against Estes Village Properties, Ltd. (Estes), and limited his recovery for claimed attorney fees. We affirm in part, reverse in part, and remand with directions.

Plaintiffs are real estate salespersons who were formerly employed by Range Realty, Ltd. (Range), an incorporated real estate brokerage firm in Estes Park, Colorado. Defendant was the principal majority shareholder for Range and was the corporation's designated individual broker pursuant to §§ 12–61–103(7) and 12–61–103(8), C.R.S. (1985 Repl.Vol. 5).

In 1985, while still employed by Range, plaintiffs jointly formulated a plan to buy into and work for Estes, a competing real estate brokerage firm. Neither defendant nor Range was apprised of plaintiffs' anticipated move.

Plaintiffs eventually told Rosener they wanted to resign, but indicated a willingness to remain with Range for an additional week or two before they actually left that employment. However, defendant, after discovering a serious diminution in Range's inventory of continuing listings, elected to terminate plaintiffs' employment immediately.

Claiming entitlement to payment of listing commissions on property they had listed for Range prior to their termination and which had thereafter resulted in sales, plaintiffs commenced this action against defendant pursuant to § 8–4–101, et seq., C.R.S. (1986 Repl.Vol. 3B) to enforce payment of compensation, for imposition of the statutory penalty for its non-payment, and for recovery of attorney fees in prosecuting the action.

Defendant denied liability on plaintiffs' claims and, as Range's assignee, asserted counterclaims against plaintiffs for breach of fiduciary duty, breach of contract, civil conspiracy, and fraud. Later, defendant, as assignee, also asserted a third-party claim against Estes, for recovery on an unjust enrichment theory.

## I.

Plaintiffs contend that the trial court erred in adopting the written findings, conclusions, and judgment prepared by defendant's counsel pursuant to the court's direction. We disagree.

■ Although appellate courts will critically scrutinize findings prepared by a party to proceedings that are adopted by the court, such findings will nevertheless be sustained if, as here, they are supported by the evidence. *Ficor, Inc. v. McHugh*, 639 P.2d 385 (Colo.1982).

Plaintiffs argue further that, because the court's written findings vary from those it announced earlier on the record in open court, the inconsistent written findings must be set aside. We reject this argument.

A court's remarks or expressions of opinion made during or at the end of a trial are not necessarily formal findings of fact prepared as the basis for a judgment. *Jones v. Boyer*, 68 Colo. 568, 193 P. 492 (1920).

■ Here, the findings that serve as the basis for the court's judgment are those it formally approved and adopted contemporaneously with the entry of judgment. *See* C.R.C.P. 52; C.R.C.P. 58(a), as then in effect; *cf.* C.R.C.P. 58(a) *as amended* November 12, 1987.

Despite the court's characterization of its oral remarks as "findings and conclusions," it expressly reserved entry of judgment pending its adoption of written findings and conclusions. In so doing, the court properly reserved its authority to supplement and modify the opinions it expressed in its oral remarks until the date judgment formally entered.

Hence, we conclude that the court's written findings and conclusions constitute the basis of its judgment, and insofar as those findings are supported by substantial evidence in the record, we will not disturb them on appeal.

## II.

Plaintiffs also contend that the trial court erred in determining that they breached duties of loyalty they owed to defendant's assignor, Range. We disagree.

### A.

Plaintiffs argue that because the court found that they did not go "behind the sign" and actively *solicit* Range's customers for themselves during the period of their employment, their activities did not exceed permissible preparations to compete. We reject that argument.

As stated in *Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486 (Colo.1989):

" '[U]nless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency.' "

■ One facet of the duty of loyalty is the agent's duty not to compete with his principal concerning the subject matter of the agency, and fairness dictates that an employee not be permitted to exploit his employer's trust so as to obtain an unfair advantage in competing with the employer in a matter concerning the latter's business. While employees are entitled to a privilege which enables them to prepare or make arrangements to compete prior to leaving the employ of their prospective rivals, it is the nature of such preparations that is significant in determining whether a breach has occurred. *Jet Courier Service, Inc. v. Mulei, supra.*

■ Here, the court found that plaintiffs' activity in systematically "shortlisting" *i.e.*, listing properties for only a short period, and "failing to list" properties for Range, so that potential listings would be prospectively available for their own competing venture, was tantamount to active competition with Range. This practice was

not in Range's best interests, but was done with a view toward promoting plaintiffs' private interests at Range's expense and to its detriment.

As real estate salespersons employed or engaged by or on behalf of Range, plaintiffs had an obligation to conduct real estate business activities solely on Range's behalf. *See* §§ 12–61–101(3) and 12–61–102, C.R.S. (1985 Repl.Vol. 5); *Becker v. Arnold,* 42 Colo.App. 178, 591 P.2d 596 (1979).

Hence, we conclude that the nature of plaintiffs' activities exceeded the bounds of permissible preparations to compete, and constituted active competition, in violation of plaintiffs' duty of loyalty to Range. *See Jet Courier Service, Inc. v. Mulei, supra.*

### B.

Plaintiffs also argue that the trial court erred in considering their undisclosed agreement to terminate en masse their employment with Range as a factor in concluding that they had violated their duty of loyalty. We perceive no error.

■ If an employee engages in impermissible solicitation of his co-workers during the term of his employment, he violates a duty of loyalty to his employer. *Jet Courier Services, Inc. v. Mulei, supra.*

■ Here, the trial court found that plaintiffs had gained sufficient trust and confidence that they were permitted to conduct Range's listing and sales activities in a largely independent fashion. The court also found that plaintiffs had acted in concert to conceal from Range their plan simultaneously to leave Range's employment and only announced their resignations when they feared that the plan and their subsequent "short listing" activities would inevitably be discovered.

Those findings, when coupled with undisputed evidence that plaintiffs comprised approximately one-half of Range's entire sales staff and were responsible for the bulk of Range's total sales and listing activities, are sufficient to warrant the court's conclusion that plaintiffs' conduct evidenced an intent to diminish Range's

prospective ability to compete with their anticipated venture and thus violated a duty of loyalty owed to Range. *See Jet Courier Services, Inc. v. Mulei, supra.*

### III.

Plaintiffs next contend that, even if it is assumed that the trial court correctly concluded that they breached duties of loyalty owed to Range, it erred in its assessment of damages resulting from that conduct. We disagree.

■ In determining issues of causation of injury and the amount of losses suffered, the trier of fact is vested with broad discretion, and its assessment and award of compensation therefor will not be set aside absent a showing that it abused that discretion. *Preuss v. Schoonover,* 154 Colo. 531, 391 P.2d 880 (1964).

Here, the record contains substantial evidence that Range's demonstrated loss of profits resulted from plaintiffs' disloyal conduct during their employment, and we perceive no abuse of the court's discretion in its award of damages based upon that evidence.

### IV.

■ Plaintiffs also contend that the court erred in dismissing their claim for compensation for their failure to join Range as a party defendant. We disagree.

Plaintiffs' reliance upon the provisions of § 12–61–103(8), C.R.S. (1985 Repl.Vol. 5) is misplaced. That statute provides that the designated director-broker for a corporate real estate brokerage firm may be held personally responsible for claims of breaches of fiduciary duty made against the corporate firm.

Here, plaintiffs' claims against Rosener were not based on any allegation that Range breached a fiduciary duty. Rather, plaintiffs asserted only a compensation claim against Rosener individually. Plaintiffs were employees of Range, the holder of the brokerage license, and therefore, the wage claim should have been asserted against the corporate firm. *See Olsen v.*

*Bondurant & Co.*, 759 P.2d 861 (Colo.App. 1988). Furthermore, having failed to allege any breach of fiduciary duty under § 12–61–103(8), C.R.S. (1985 Repl.Vol. 5), plaintiffs improperly proceeded against Rosener individually. Consequently, we find no error in the trial court's dismissal of plaintiffs' claims against Rosener.

We also reject plaintiffs' contention that the trial court erred in denying their motion to amend the pleadings.

■ Once a responsive pleading has been filed, the decision whether to allow an amendment to a claim is within the sound discretion of the trial court. *Gaubatz v. Marquette Minerals, Inc.*, 688 P.2d 1128 (Colo.App.1984). A court may deny leave to amend because of resulting delay, undue expense, or other demonstrable prejudice. *Varner v. District Court*, 618 P.2d 1388 (Colo.1980); C.R.C.P. 15(a).

■ Here, four days after the commencement of the trial, plaintiffs sought to amend their pleadings to add Range as a party defendant in order to validate the wage claim they had erroneously asserted against Rosener. The untimeliness of the motion and the remedial measures that would have been occasioned by its granting would have disrupted the trial proceedings and caused additional unwarranted delay and expense to defendant in the resolution of this action.

Under these circumstances, we conclude that the trial court did not abuse its discretion in denying plaintiffs' motion to amend. *See Chambliss/Jenkins Associates v. Forster*, 650 P.2d 1315 (Colo.App.1982).

## V.

■ Plaintiffs next contend that the trial court erred in failing to award them reasonable attorney fees as the "winning party" pursuant to § 8–4–114, C.R.S. (1986 Repl.Vol. 3B). We disagree.

Section 8–4–114 provides:

"Whenever it is necessary for an employee to commence a civil action for the recovery of collection of wages and penalties due as provided by §§ 8–4–104 and 8–4–105, the judgment shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action."

A plaintiff granted a money judgment for unpaid commissions under §§ 8–4–104 or 8–4–105, C.R.S. (1985 Repl.Vol. 3B) is a winning party entitled to reasonable attorney fees. *Keeton v. Rike*, 38 Colo.App. 505, 559 P.2d 262 (1977).

Here, however, plaintiffs' claim was dismissed by the trial court. Therefore, they are not winning parties entitled to a reasonable attorney fee under the statute. *See Keeton v. Rike, supra.*

## VI.

Rosener cross-appeals, contending the trial court erred in dismissing his third-party claim against Estes for unjust enrichment, limiting his recovery for claimed attorney fees, and in awarding plaintiffs an offset for commissions against his damage award. We agree that the trial court erred in awarding plaintiffs an offset for commissions against his damage award. We find the remainder of Rosener's contentions to be without merit.

## A.

■ The general rule is that an employee is not entitled to any compensation for services performed during a period in which he engaged in activities constituting a breach of his duty of loyalty, even though part of those services may have been properly performed. The employee is, however, entitled to compensation for services properly performed during periods in which no such breach occurred. *See Jet Courier Service, Inc. v. Mulei, supra.*

■ Here, plaintiffs had completed contracts which closed subsequent to their departure. As to these contracts, under the *Jet Courier Services* rule, they would be entitled to commissions owed to them by Range only for services that were rendered prior to the time when their disloyalty began. However, the trial court's findings do not state whether the commissions were compensation for services properly ren-

dered prior to the breach of the employees' duty of loyalty or during the continuing conduct evidencing the breach. Hence, we reverse that part of the judgment allowing plaintiffs to offset their claimed commissions against the judgment and remand for a determination of when the services were rendered in relation to the breach.

## B.

■ Rosener further contends that plaintiffs and Estes should be required to forfeit any wrongfully earned commissions. We disagree.

The damage award for lost profits provided full compensation for Range's losses, and an additional award requiring forfeiture of commissions received, either directly or derivatively, as a result of plaintiffs' misconduct would be duplicitous and would result in an unwarranted windfall to Range's assignee. *See Montgomery Ward & Co. v. Andrews,* 736 P.2d 40 (Colo.App. 1987).

## C.

Rosener finally contends that the trial court erred in limiting his recovery of attorney fees. Initially, he argues that the trial court lacked jurisdiction to extend plaintiffs' time to object to his bill of costs which contained his attorney fee request. Alternatively, he urges that even if the court had jurisdiction to consider the merits of the claim for attorney fees, it abused its discretion in determining the amount of the award. We reject both arguments.

■ In *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988), our supreme court held that a trial court's final judgment on the merits of an action is final for purposes of an appeal despite the pendency of an unresolved issue concerning attorney fees. Although the *Baldwin* holding addressed only the issue of finality of the merits judgment for purposes of appeal, we conclude that that decision also impliedly addresses the related issue whether the trial court continued to have jurisdiction to determine attorney fee issues after a notice of appeal is filed to review the merits judgment.

In *Roa v. Miller,* 784 P.2d 826 (Colo.App. 1989), we concluded that the *Baldwin* decision had impliedly overruled our earlier decision in *Torrez v. Day,* 725 P.2d 1184 (Colo.App.1986) (a post-judgment motion for attorney fees is "within the rubric of C.R.C.P. 59"). We conclude here, as we did in *Roa,* that attorney fee issues are not within the purview of C.R.C.P. 59, and that the trial court retains jurisdiction to determine such motions during the pendency of the merits appeal.

Plaintiffs further argues that the *Baldwin* rule should not be applied retrospectively to affect his rights, but that the determination must be made pursuant to pre-*Baldwin* law that was in effect when the matter was presented to the trial court.

The standard for determining whether a civil decision should be accorded retrospective application was set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and was adopted by our supreme court in *People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982). That standard requires consideration of three factors: (1) Whether the decision establishes a new rule of law; (2) whether retrospective application of the rule in question will further or retard its operation; and (3) whether any inequity imposed by retrospective application would result in injustice or undue hardship. *See People in Interest of C.A.K., supra.*

In *Disner v. United Bank,* 780 P.2d 51 (Colo.App.1989), we concluded that the narrow holding of *Baldwin v. Bright, supra,* should not be applied retrospectively. In that case, we reasoned that the *Baldwin* rule of finality was a new rule of law that overruled clear past precedent on which litigants may have relied, and that retrospective application of the finality rule would result in the dismissal of meritorious appeals which would be deemed untimely under the new rule.

However, the retroactive application of the continuing jurisdiction aspect of the *Baldwin* rule, adopted in *Roa v. Miller, supra,* would not have an inequitable ef-

fect similar to that presented by the finality aspect addressed in *Disner, supra.* Rather, retrospective application would further the purpose of the *Baldwin* rule by eliminating delay and uncertainty engendered by attorney fees motions. Furthermore, the practical or logistical problems that may result from retroactive application, such as when and how attorney fee issues should be litigated before the trial court, and whether appeals from the trial court's rulings on such motions should be consolidated with merits appeals or separately brought, do not outweigh the benefits to be derived from retrospective application, nor would such problems work undue hardship or irrevocable prejudice on the parties.

Here, the merits judgment, dated November 6, 1987, did not include an award of attorney fees to plaintiffs or to defendants. Seven days after entry of that judgment, plaintiffs filed a notice of appeal therefrom, and defendant filed a bill of costs which included a request for attorney fees pursuant to § 8–4–114, C.R.S. (1986 Repl. Vol. 3B).

On November 18, 1987, plaintiffs requested, and the trial court granted, an extension of time to November 30, 1987, within which to object to defendant's cost bill. Plaintiffs' response to defendant's bill of costs was filed November 27, 1987, together with plaintiffs' cost bill and request for attorney fees. However, the trial court did not rule on the issues framed by the cross-bills of costs until April 29, 1988, after a limited remand from this court. Thereafter, the cause was recertified and attorney fees appellate issues were consolidated with the merits appeal.

Section 8–4–114 mandates an award of reasonable attorney fees incurred by the winning party in actions for recovery of compensation for labor or service, pursuant to § 8–4–104, C.R.S. (1986 Repl.Vol. 3B), and provides that such fees are "to be taxed as part of the costs of the action." C.R.C.P. 121 § 1–22 provides that a party claiming costs shall file a bill of costs within 15 days after entry of judgment, or "within such greater time as the court may

allow." That practice standard also provides that taxing and determination of costs shall be in accordance with C.R.C.P. 54(d) and the practice standard for determination of motions, C.R.C.P. 121 § 1–15.

C.R.C.P. 54(d) provides that costs may be taxed by the clerk on one day's notice, and on motion, within five days thereafter, the clerk's action may be reviewed by the court.

■ Here, defendant's cost bill was timely, having been filed within 15 days of entry of judgment. Plaintiffs' response thereto was also timely under C.R.C.P. 121 § 1–15.1, since it was filed within the time allowed by the court. We find nothing in the record on appeal to indicate that the clerk of the trial court taxed costs prior to the court's granting an extension of time for response to Rosener's cost bill. Plaintiffs' cost bill, although it was filed more than 15 days after entry of judgment, was received and considered on its merits simultaneously with that of defendant. Thus, we conclude, as did the trial court, that plaintiffs' cost bill and request for fees was also timely pursuant to C.R.C.P. 121 § 1–22, as being within "such greater time as the court may allow."

■ Accordingly, we hold that the filing of the notice of appeal of the merits judgment did not divest the trial court of its continuing jurisdiction to determine the issues posed by the cost bills and requests for attorney fees. We also conclude that the court did not err or abuse its discretion in determining that the cost bills and fee requests were timely filed.

We also reject Rosener's contention that the trial court's apportionment of the amount of fees requested constitutes an abuse of discretion.

■ The amount of attorney fees to be awarded to the "winning party" under § 8–4–114, C.R.S., is committed to the discretion of the trial court. The court here held a hearing on the issue of what attorney fees were reasonably incurred in defending the § 8–4–104 compensation claim and properly considered that that claim was ultimately dismissed on grounds of

improper joinder. The court also considered evidence that significant time was expended by Rosener's counsel in preparing to meet the plaintiffs' compensation claim, and disallowed part of defendant's claimed fee because it resulted from time spent in pursuing his counterclaims rather than in defending the plaintiffs' claim.

The trial court's apportionment of the fee claim and its ultimate award are adequately supported by the record, and we decline to disturb those determinations on appeal.

That portion of the judgment allowing the plaintiffs an offset against defendant's judgment is reversed, and the cause is remanded for a rehearing or reconsideration in conformity with the views expressed herein. The balance of the judgment is affirmed.

SMITH and PLANK, JJ., concur.