**Larry M. FORNESS,
Plaintiff–Appellant,**

v.

**Bruce BLUM, an individual, and Doral Hotel & Resort Management Company, Defendants–Appellees,**

and

**Ted J. Gengler, Gengler & Gengler, P.C., Appellants.**

No. 89CA0850.

Colorado Court of Appeals, Div. V.

July 26, 1990.

Gengler & Gengler, P.C., Ted J. Gengler, Denver, for plaintiff-appellant.

Ted J. Gengler, pro se.

Greengard Senter Goldfarb & Rice, Thomas S. Rice, Paul E. Collins, Denver, for defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiff, Larry M. Forness, and his attorneys, Ted J. Gengler and Gengler & Gengler, P.C., appeal from the judgment of the district court awarding attorney fees against them and in favor of defendants Bruce Blum and Doral Hotel & Resort Management Co. (Doral), against whom plaintiff had asserted a tort claim based upon an alleged malicious interference with contract. We affirm.

The original complaint in this case named several defendants not parties to this appeal and asserted claims against those defendants based upon an alleged contract between plaintiff and them. After the issues related to these claims were set for trial, plaintiff was granted leave to file an amended complaint to assert a claim against Blum and Doral. This was accomplished some six months before the scheduled trial date.

However, the trial court later found that plaintiff and his counsel had no credible factual basis for asserting the claim against Blum and Doral at the time when the amended complaint was filed. Further, in spite of the imminence of the trial, plaintiff and his counsel undertook no discovery except that written interrogatories were served upon these two defendants, responses to which were apparently made on a tardy basis. Nevertheless, plaintiff and his counsel took no steps to compel an earlier response, nor did they seek to schedule live depositions after their receipt of these responses.

About one month before the date set for trial, plaintiff dismissed all of the claims asserted by him. The dismissal of the claims against Blum and Doral was in accordance with a written stipulation that expressly provided that it was to be without prejudice to the right of Blum and Doral "to move for an award of attorney's

fees against plaintiff and his counsel." Judgment was entered dismissing plaintiff's claims pursuant to this stipulation.

Some 27 days after this judgment of dismissal entered, Blum and Doral filed a motion for the assessment of attorney fees against both plaintiff and his counsel under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 11. This motion was accompanied by a memorandum of authorities as contemplated by C.R.C.P. 121 § 1–15(1).

Because neither plaintiff nor his counsel responded to this motion and memorandum within the time set therefor, the court deemed it confessed pursuant to C.R.C.P. 121 § 1–15(3). Defendants were then directed to file affidavits reflecting the amount and the reasonableness of the fees sought to be recovered.

Thereafter, Ted J. Gengler, but *not* plaintiff, filed a motion for reconsideration and tendered a written response to the previous motion requesting fees. In this response, it was asserted that no fees could be assessed against Gengler because (1) he had ceased representing plaintiff upon dismissal of the claims asserted by him; (2) the court had no jurisdiction to assess fees because a judgment of dismissal had entered and there was, therefore, no "case" pending; (3) the motion was one under C.R.C.P. 59 for an amendment to the judgment and was not filed within the time allowed by that rule; and (4) because the claim was dismissed in a timely fashion, § 13–17–102(5), C.R.S. (1987 Repl.Vol. 6A) does not authorize any award of fees.

The trial court conducted an evidentiary hearing upon this motion for reconsideration and response, as well as upon the amount and reasonableness of the fees. Based upon the evidence received at this hearing, the court found and concluded that the claim asserted by plaintiff against Blum and Doral was both frivolous and groundless. Thus, it assessed fees in the amount of $14,659 against both plaintiff and his counsel, which amount the court expressly found to be reasonable under the circumstances.

## I.

The assertion that a trial court may not address the question of the award of attorney fees after rendering a decision on the merits of the case, and that the issue must be treated as a motion under C.R.C.P. 59, were rejected by the opinions in *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988) and *Roa v. Miller*, 784 P.2d 826 (Colo.App.1989). The opinion in *Baldwin* had been issued before defendants' motion for fees was filed in this case, and the rule announced therein governed the disposition of that motion insofar as it was relevant thereto. Similarly, that rule requires rejection of the similar assertion made by Gengler here.

In *Roa v. Miller, supra*, we also concluded that the procedure for the consideration of such a motion was to be governed, generally, by C.R.C.P. 121 § 1–22, which establishes a post-trial procedure for the assessments of costs. While that rule requires the filing of a request for an award within 15 days of the entry of the pertinent order or judgment, we do not view that time limit as being a jurisdictional one. Indeed, that rule itself allows the court to grant a "greater time" for filing such a request. *See Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989). *See also* C.R.C.P. 6(b).

Thus, if, as here, a motion for the assessment of attorney fees is filed more than 15 days after the judgment is entered, but no objection is made thereto based upon the provisions of C.R.C.P. 121 § 1–22, and the court proceeds to determine the motion on its merits, the time limit set forth in that rule shall be considered to have been waived, and the resulting order shall not be considered to be void or otherwise unenforceable. *See Jackson v. Harsco Corp.*, 653 P.2d 407 (Colo.App.1982), *rev'd on other grounds* 673 P.2d 363 (Colo. 1983) (involving local court rule for award of costs).

## II.

We are unpersuaded that the court lacked authority to assess attorney fees against counsel because he had allegedly

stopped representing plaintiff. Counsel had actual knowledge of the contents of the stipulation, which reserved to Blum and Doral the right to request an award of attorney fees, and he made no effort to withdraw as counsel in the manner required by C.R.C.P. 121 § 1-1. Furthermore, even if he had withdrawn, he still would remain legally responsible for any actions or omissions occurring prior to his withdrawal.

### III.

Finally, our review of this record convinces us that the findings made by the trial court as to the frivolous and groundless nature of the claim asserted against Blum and Doral are supported by the evidence and other matters of record. Hence, they are binding on appeal. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

DAVIDSON and DUBOFSKY, JJ., concur.