The TOWN OF BERTHOUD, Colorado, a statutory municipality located in the Counties of Weld and Larimer, and the Board of Trustees of Town of Berthoud, Plaintiffs–Appellants,

v.

The TOWN OF JOHNSTOWN, Colorado, a statutory municipality located in Weld County and the Board of Trustees of Town of Johnstown, Defendants–Appellees.

No. 98CA0154.

Colorado Court of Appeals, Division IV.

May 13, 1999.

Rehearing Denied July 29, 1999.

R. B. Fickel, Berthoud, Colorado for Plaintiffs-Appellants.

R. Russell Anson, Greeley, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

The Town of Berthoud (Berthoud) appeals the summary judgment granted in favor of the Town of Johnstown (Johnstown) and the judgment awarding Johnstown costs. We affirm.

This action arises from Johnstown's annexation of five parcels of land which extended Johnstown's southern boundary over two miles south to the Berthoud exit on Interstate 25. One petition for annexation encompassing all five parcels was filed in November 1996. Johnstown held public hearings and adopted an ordinance annexing the property which became effective February 1, 1997.

During the same period, Berthoud annexed property by passing emergency ordinances to extend its boundary to within one mile of the Johnstown annexation. Berthoud's annexation on December 30, 1996 extended its boundary just under three miles, and its annexation on February 11, 1997 extended the boundary an additional two miles.

Berthoud filed a motion with Johnstown for reconsideration of Johnstown's annexation. After Johnstown refused to reconsider, Berthoud filed this action in district court.

Thereafter, Johnstown moved for summary judgment contending, among other things, that Berthoud lacked standing to contest the annexation. The trial court agreed and granted Johnstown's motion for summary judgment.

I.

Berthoud first contends the trial court erred in determining that it lacked standing to contest the Johnstown annexation under the Municipal Annexation Act of 1965, § 31–12–101, et seq., C.R.S.1998, and that summary judgment was thus improper. We disagree.

Summary judgment should be granted only if there is no genuine issue as to any material fact, and the burden to so demonstrate is on the movant. Appellate review of a judgment granting a motion for summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

A.

Berthoud maintains that it has standing to contest the annexation under § 31–12–116(1)(a), C.R.S.1998, and that the trial court unduly restricted application of that statute by its interpretation of a related statute, § 31–12–105(1)(e), C.R.S.1998. We are not persuaded.

Section 31–12–116(1)(a) provides standing to contest an annexation by a municipality to a neighboring municipality *"within one mile* of the area proposed to be annexed [that] believes itself to be aggrieved by the acts of

the governing body of the annexing municipality." (emphasis added)

Section 31–12–105(1)(e) further restricts § 31–12–116(1)(a) by stating that: "[N]o annexation may take place which would have the effect of extending a municipal boundary more than three miles in any direction from any point of such municipal boundary *in any one year*." (emphasis added)

Here, the trial court concluded as a matter of law that, in order to have standing under § 31–12–116(1)(a), Berthoud had to be within one mile of the contested annexation area at the time of the effective date of Johnstown's annexation ordinance. It was undisputed that Berthoud's boundary was not within one mile of the contested annexation on the relevant date. On that basis, the court determined that Berthoud lacked standing under § 31–12–116(1)(a). It further concluded that Berthoud annexations extended its boundary more than three miles in "one year" in violation of § 31–12–105(1)(e).

Berthoud only challenged on appeal the trial court's determination that Berthoud had violated § 31–12–105(1)(e) and has not challenged the court's determination that it had to be within one mile of Johnstown's annexation on or before the effective date of Johnstown's ordinance under § 31–12–116(1)(a). Although the "within one mile" issue was raised on appeal in Johnstown's answer brief, Berthoud chose not to respond to the issue in its reply brief.

Because Berthoud did not challenge the trial court's legal determination that it had failed to satisfy the "within one mile" requirement, we likewise conclude that Berthoud lacked standing under § 31–12–116. Thus, we need not address whether § 31–12–105(1)(e) imposed further restrictions on Berthoud's ability to show standing.

### B.

■ Berthoud next contends the trial court erred in concluding that it lacked standing pursuant to § 31–12–104(2), C.R.S. 1998. Again, we disagree.

Section 31–12–104(2)(b), C.R.S.1998, provides for judicial review of annexations which are "disconnected municipal satellites."

However, review is available only to a municipality that is directly affected by such annexation, and only if the municipality has a plan in place which generally describes:

[t]he proposed location, character, and extent of streets, subways, bridges, waterways, waterfronts, parkways, playgrounds, squares, parks, aviation fields, other public ways, grounds, open spaces, public utilities, and terminals for water, light, sanitation, transportation, and power to be provided by the municipality and the proposed land uses for the area. Such plan shall be updated at least once annually.

Section 31–12–105(1)(e), C.R.S.1998.

Here, the trial court determined that Berthoud did not have a plan in place for the specific area annexed by Johnstown and, thus, that it did not meet the requirements of § 31–12–105(1)(e). We have reviewed Berthoud's plan, and the only apparent reference to the area annexed by Johnstown was the inclusion of the area on a map within Berthoud's urban growth boundary.

Accordingly, we conclude, as did the trial court, that this plan does not meet the requirements of § 31–12–105(1)(e), and therefore does not bestow standing on Berthoud to contest Johnstown's annexation.

In view of this conclusion, we need not address the additional issues raised by Berthoud of contiguity and whether the annexation constituted a disconnected municipal satellite under § 31–12–104(2), C.R.S.1998.

### II.

■ Berthoud next contends it acquired standing to challenge Johnstown's annexation under Colo. Const. art. II, § 30, because Johnstown's annexation is within Berthoud's planning area. We disagree.

Colo. Const. Art. II, § 30, states:

(1) No unincorporated area may be annexed to a municipality unless one of the following conditions first has been met:

(a) The question of annexation has been submitted to the vote of the landowners and the registered electors in the area proposed to be annexed, and the majority of such persons voting on the question have voted for the annexation; or

(b) The annexing municipality has received a petition for the annexation of such area signed by persons comprising more than fifty percent of the landowners in the area and owning more than fifty percent of the area, excluding public streets, and alleys and any land owned by the annexing municipality; or . . . .

By its terms, Colo. Const. art II, § 30, provides for the right to vote or petition on annexations to landowners within the area being annexed. It does not provide standing to neighboring municipalities unless such municipalities are also landowners in the area proposed to be annexed.

■ Berthoud does not meet such requirement. It does not own any land in the area that was annexed. The area was merely situated within Berthoud's future planning area.

We therefore conclude that Colo. Const. art. II, § 30, does not, as Berthoud contends, provide standing to it merely because the area being annexed by another municipality is within Berthoud's planning area.

Berthoud also contends it has acquired standing under Colo. Const. art. II, § 30, by analogizing its position to that of adjacent landowners who acquire standing to challenge rezoning, even though they are not within the territory of the zoning authority.

■ However, contrary to Berthoud's contention, standing to challenge zoning and standing to challenge annexation are different, and the standing to contest a rezoning does not confer standing to contest an annexation. *See Board of County Commissioners v. City of Thornton*, 629 P.2d 605 (Colo.1981); *Snyder v. City Council*, 35 Colo.App. 32, 531 P.2d 643 (1974)(standing to challenge zoning does not give standing to challenge annexation).

We thus reject Berthoud's contention that it had standing under Colo. Const. art II, § 30, and that summary judgment was improper. *See Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977)(proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions).

### III.

Berthoud next contends the trial court erred in awarding Johnstown costs because the court failed to address costs in its final rulings and because the bill of costs was untimely filed. We disagree.

Berthoud relies on *Grange Mutual Fire Insurance Co. v. Golden Gas Co.*, 133 Colo. 537, 298 P.2d 950 (1956) and *Wesson v. Johnson*, 622 P.2d 104 (Colo.App.1980), for the proposition that an omission of an award of costs in a judgment is tantamount to a denial by the trial court of such costs. However, Berthoud's reliance on these cases is misplaced.

Both cases were decided before the adoption of C.R.C.P. 121 § 1–22, which provides that a "party claiming costs shall file a[b]ill of [c]osts within 15 days of the entry of order or judgment, or within such greater time as the court may allow."

■ Under this rule, a bill of costs is timely filed if the trial court considers it, even though it was filed more than fifteen days after entry of judgment. *Borquez v. Robert C. Ozer, P.C.*, 923 P.2d 166 (Colo.App. 1995), *rev'd in part on other grounds*, 940 P.2d 371 (Colo.1997).

Here, Johnstown filed its bill of costs more than fifteen days after entry of judgment. Nevertheless, the trial court considered the bill of costs, which was uncontested by Berthoud, and it awarded costs accordingly. Hence, we reject Berthoud's contention that the bill of costs was untimely filed.

Because it was not raised, we do not address the applicability, if any, of Chief Justice Directive No. 85–21 (February 20, 1985)(courts shall not enter judgments for costs or assess costs as part of any judgment against the state, state agencies, or political subdivisions of the state).

Judgment affirmed.

Judge NEY and Judge RULAND concur.