Laura PARRY, Plaintiff–Appellant,

v.

Darwin KUHLMANN, M.D.; John W. Grudis, M.D.; Colorado Permanente Medical Group, P.C.; and Kaiser Foundation Health Plan of Colorado, Defendants–Appellees.

No. 05CA1188.

Colorado Court of Appeals, Div. IV.

Feb. 8, 2007.

Rehearing Denied April 5, 2007.

Certiorari Denied Oct. 1, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

Leventhal, Brown & Puga, P.C., Natalie Brown, Benjamin Sachs, Timms R. Fowler, Denver, Colorado, for Plaintiff–Appellant.

Pryor Johnson Carney Karr Nixon, P.C., Elizabeth C. Moran, Greenwood Village, Colorado, for Defendants–Appellees.

Opinion by Judge HAWTHORNE.

In this medical negligence case, plaintiff, Laura Parry, appeals the trial court's order requiring her to pay costs of defendants, Darwin Kuhlmann, M.D., John W. Grudis, M.D., Colorado Permanente Medical Group, PC, and Kaiser Foundation Health Plan of Colorado (collectively Medical Providers). We affirm.

## I. Background

Parry filed suit against Medical Providers alleging that they failed to adequately read medical reports, recognize or diagnose her pituitary tumor, and refer her to specialists. The jury found that Medical Providers were not negligent and that they did not cause Parry's injury. The trial court entered judgment in favor of Medical Providers on September 21, 2004. That judgment was affirmed in a subsequent appeal. *Parry v. Kuhlmann*, 2006 WL 3236271 (Colo.App. No. 04CA2283, Nov. 9, 2006)(not published pursuant to C.A.R. 35(f) ).

On October 1, 2004, Medical Providers filed a bill of costs (first bill of costs) pursuant to § 13–16–105, C.R.S.2006, and C.R.C.P. 121 § 1–22(1). On January 3, 2005, while the first bill of costs was still pending before the trial court, counsel for Medical Providers moved to withdraw and to substitute new

counsel. On January 10, 2005, the trial court dismissed the first bill of costs without prejudice because Medical Providers had failed to document or substantiate their request and did not establish that the costs were both necessary and reasonable. On February 3, 2005, the court granted Medical Providers' counsel's motion to withdraw and notice of substitution of counsel.

On February 11, 2005, Medical Providers filed a renewed motion for costs (second bill of costs), which included documentation. Parry objected on the grounds that the second bill of costs was untimely under C.R.C.P. 121 § 1–22(1) and that the trial court lacked jurisdiction to rule on the motion under C.R.C.P. 59. The trial court found that Medical Providers' request was timely, granted the second bill of costs, and awarded Medical Providers $47,035.04 in costs. This appeal followed.

We note that Parry dismissed defendant Kaiser Foundation Health Plan (Kaiser) with prejudice in the trial management order. However, Kaiser's name appears in the caption of the trial court order awarding costs, and the trial court awarded costs in its favor. Thus, we will treat Kaiser as a party for the purposes of this appeal.

## II. Abuse of Discretion

Parry contends that the trial court abused its discretion in granting Medical Providers' second bill of costs. We disagree.

Pursuant to § 13–16–105, a "defendant shall have judgment to recover his [or her] costs against the plaintiff" when a verdict is obtained against that plaintiff.

"A party claiming costs shall file a Bill of Costs within 15 days of the entry of order or judgment, *or within such greater time as the court may allow.* The Bill of Costs shall itemize and total costs being claimed." C.R.C.P. 121 § 1–22(1) (emphasis added). The official committee comment to this rule indicates that the fifteen-day requirement facilitates "prompt filings so that disputes on costs can be determined with other post-trial motions." C.R.C.P. 121 § 1–22(1) committee comment.

We review a trial court's award of costs for abuse of discretion and will not disturb such an award unless it is manifestly arbitrary, unreasonable, or unfair. *In re Marriage of Goodbinder,* 119 P.3d 584 (Colo. App.2005).

### A. Failure to Apply C.R.C.P. 6(b)

Parry first contends that the trial court abused its discretion by accepting and considering Medical Providers' second bill of costs without applying C.R.C.P. 6(b). We are not persuaded.

C.R.C.P. 121 § 1–22(1) provides a trial court with authority to accept and consider a bill of costs filed "within such greater time as the court may allow." Several divisions of this court have interpreted this portion of C.R.C.P. 121 § 1–22(1) as permitting a trial court to consider a bill of costs to be timely, even though it was filed more than fifteen days after the entry of judgment, because it was filed within "the time allowed by the court." *Koontz v. Rosener,* 787 P.2d 192, 199 (Colo.App.1989); *see also Town of Berthoud v. Town of Johnstown,* 983 P.2d 174 (Colo. App.1999); *Borquez v. Robert C. Ozer, P.C.,* 923 P.2d 166 (Colo.App.1995), *rev'd in part on other grounds,* 940 P.2d 371 (Colo.1997); *In re Marriage of Wright,* 841 P.2d 358 (Colo.App.1992)(request for attorney fees filed outside fifteen-day period); *Jackson v. Harsco Corp.,* 653 P.2d 407 (Colo.App.1982), *rev'd on other grounds,* 673 P.2d 363 (Colo. 1983).

The rule does not require a court to determine that a filing made outside the fifteen-day period was attributable to excusable neglect or to make any other findings such as those required under C.R.C.P. 6(b). *See Town of Berthoud, supra; Borquez, supra; Marriage of Wright, supra; Koontz, supra; Jackson, supra.* In fact, "a party's failure to request an extension of time does not preclude a trial court from considering a request for an award of costs and fees which has been filed beyond the 15–day deadline." *Marriage of Wright, supra,* 841 P.2d at 361.

We note, however, that a litigant who files a bill of costs outside of the fifteen-day period is subject to having that bill of costs

denied as untimely at the discretion of the court. *See Moyer v. Empire Lodge Homeowners' Ass'n*, 78 P.3d 313, 315 (Colo.2003) ("A party seeking an enlargement of time within which to take a required action, delays beyond an as yet unextended deadline at its own peril.").

Here, the trial court found that Medical Providers' second bill of costs was timely even though it was filed approximately four months after the fifteen-day period contained in C.R.C.P. 121 § 1–22(1) had expired. The court was not required to apply or make findings under C.R.C.P. 6(b) to accept Medical Providers' second bill of costs. *See Town of Berthoud, supra; Borquez, supra; Marriage of Wright, supra; Koontz, supra; Jackson, supra.* The court's finding was within its authority under C.R.C.P. 121 § 1–22(1) and was not manifestly arbitrary, unreasonable, or unfair.

Parry's reliance on *Moyer v. Empire Lodge Homeowners' Ass'n, supra,* is misplaced. *Moyer* stands for the proposition that a court does not abuse its discretion if it denies as untimely a bill of costs filed more than twenty months after the expiration of a court-imposed deadline when the filing party did not request an extension or demonstrate excusable neglect pursuant to C.R.C.P. 6(b). *Moyer, supra,* 78 P.3d at 315–16. *Moyer* does not require a trial court to apply C.R.C.P. 6 when determining whether to accept a bill of costs filed outside the fifteen-day period in C.R.C.P. 121 § 1–22(1). And *Moyer* did not overturn the line of authority established by divisions of this court that permits a trial court to consider as timely a bill of costs filed outside the fifteen-day period.

Therefore, we conclude that the trial court acted within its discretion in not applying C.R.C.P. 6(b) when accepting Medical Providers' second bill of costs.

### B. Objection

 Parry next contends that the trial court abused its discretion in granting Medical Providers' second bill of costs because Parry objected to the motion as untimely. We are not persuaded.

The fact that Parry objected to the second bill of costs as untimely does not render the court's decision to consider it or to award costs an abuse of discretion. *See* C.R.C.P. 121 § 1–22(1).

### C. Additional Costs

Finally, Parry contends that the trial court abused its discretion by awarding $8,500 for one of Medical Providers' expert witnesses because that amount was not claimed in the first bill of costs. We disagree.

Here, Medical Providers' second bill of costs was essentially an entirely new motion. In it, Medical Providers withdrew some requests they had included in their first bill of costs and requested other costs that they had not previously included. The trial court did not abuse its discretion by considering the second bill of costs, including the $8,500 request, even though it was filed outside the fifteen-day period set forth in C.R.C.P. 121 § 1–22(1), or by awarding that amount. *See Koontz, supra.* Further, Medical Providers were statutorily entitled to an award of reasonable costs under § 13–16–105, and Parry has not argued that the award of $8,500 for Medical Providers' expert was unreasonable. Accordingly, Parry has not demonstrated that the trial court's decision was manifestly arbitrary, unreasonable, or unfair.

Therefore, we conclude that the trial court did not abuse its discretion by awarding $8,500 for the expert witness's fee even though that amount was not claimed in Medical Providers' first bill of costs.

The order is affirmed.

Judge CASEBOLT and Judge METZGER * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and