No. 21576.

Lois E. Kirby, individually, and as Executrix of the Estate of Leander R. Kirby, deceased v. Anthony B. Bourg.

(440 P.2d 151)

Decided April 29, 1968.

Casey and Klene, for plaintiff in error.

Winner, Berge, Martin and Camfield, Earl J. Hower, for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The above entitled action was commenced in May 1958 by plaintiff in error who sought entry of judgment on two promissory notes, each of which was for the sum of $5,000 payable upon demand and dated December 15, 1950, and January 10, 1951, respectively. The notes were executed by Leander R. Kirby (husband of plaintiff) and Charles Duerell who were partners doing business under the name of Tav-Bar Supply Company. The notes represented the amount of $10,000 cash loaned to the partnership by Lois E. Kirby. This partnership

was dissolved upon the withdrawal of Duerell in March 1951. The notes above mentioned were not paid.

In April 1951, Leander Kirby and the defendant Anthony B. Bourg formed a new partnership and thereafter attempted to carry on the business activities of the former partnership under the abbreviated name of Tav-Bar Supply. Plaintiff alleged that she made another loan of $5,000 to this new partnership on April 30, 1951, but no written memorandum was entered into providing for repayment thereof, and no due date was shown by the evidence. There was some evidence that this $5,000 represented an investment in the business as shown by the testimony of plaintiff as follows:

"Q. * * * Was it your understanding that you thereafter had any interest in the partnership?

"A. Well, it was my understanding that I would have an interest in the business.

"Q. As a result of the $5,000?

"A. I assume so.

"Q. Then this was an investment in the capital of the company rather than a loan, is that true? — or, did you expect to get back the $5,000?

"A. No. I expected to get back — I don't know — I expected to be repaid. Actually now, I think I better consider it, because I really don't know. I think it wasn't —"

On April 30, 1951, plaintiff's husband Leander Kirby executed a bill of sale conveying Tav-Bar Supply's assets including its franchise and good will to the defendant Bourg, thus terminating the partnership. Leander Kirby died and plaintiff was thereafter appointed executrix of his estate.

The plaintiff also sought an accounting from the defendant Bourg with relation to the partnership business carried on between him and her husband. The trial court found all issues against plaintiff and dismissed the action. We have read the record and find no error.

█ █ Assuming that upon some theory the defendant Bourg might be responsible on the two promissory notes

which he did not sign, the statute of limitations had run against them prior to the time the action was commenced. Each of the notes was payable on demand, and the general rule is that the statute commences to run on the date of execution of such note. Nothing is shown in the record in this case to warrant application of any exception to the general rule. *Chatos v. Levas,* 14 Wash. 2d 317, 128 P.2d 284; Annot., 71 A.L.R. 2d 284. The trial court correctly held that the claim based upon these notes, if any such claim might otherwise have been asserted, was barred.

 Plaintiff's husband sold his entire interest in the partnership to Bourg and this transaction presumably entailed a settlement between the buying and the selling partners of their mutual interests in the business. Nothing was offered in evidence by the plaintiff to rebut the presumption, and under those circumstances no accounting was justified. *Barnes v. Moore,* 80 Cal. App.2d 39, 180 P.2d 740; *Zedrick v. Kosenski,* 62 Wash.2d 50, 380 P.2d 870; 68 C.J.S. *Partnership* § 401 b.

 The claim based upon the assertion of plaintiff that she "loaned" $5,000 to the second partnership was resolved by the trial court against her on conflicting evidence, and we are bound by the trial court's findings in this connection.

The judgment is affirmed.