**F. James WASINGER,
Plaintiff-Appellant,**

v.

**Michael REID, Defendant-Appellee.**

**No. 84CA0577.**

Colorado Court of Appeals,
Div. III.

July 18, 1985.

Ronald Lee Cooke, Aurora, for plaintiff-appellant.

Arthur M. Frazin, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, James Wasinger, appeals from a trial court order dismissing his claim against defendant, Michael Reid. We affirm.

On February 24, 1984, Wasinger filed this action to collect $15,000 plus interest on a promissory note executed by Reid in favor of Wasinger. The note, executed on May 2, 1974, was payable on demand. Asserting a failure to state a claim upon which relief can be granted, Reid filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5) and 41(b)(1). The motion asserted that any action on the note was barred by the six-year statute of limitations. *See* § 13–80–110(1)(a), C.R.S. Wasinger contends here that it was error for the trial court to grant Reid's motion because the statute of limitations is an affirmative defense that can only be set forth in an answer to the complaint rather than a motion to dismiss. In this instance, we find no error.

We recognize that generally a statute of limitations defense should be raised in the answer to the complaint rather than in a motion to dismiss. C.R.C.P. 8(c); *see Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957); *McIntire & Quiros of Colorado, Inc. v. Westinghouse Credit Corp.*, 40 Colo.App. 398, 576 P.2d 1026 (1978). This position is not universally followed, however, as many courts hold that the defense of limitations may be raised by a motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period. *See* 2A *Moore's Federal Practice* 12.10 (2d ed. 1985). According to *Moore's*, historically, averments of time were not regarded as material to the pleadings. The adoption of Fed.R.Civ.P. 9(f) (*see* C.R.C.P. 9(f)) changed this and now allows averments in a complaint to be tested for sufficiency in regards to time. Thus, for example, a complaint which fails to specify time so that the statutory period may be computed may properly be dismissed pursuant to a C.R.C.P. 12(b)(5) motion. *See Sprott v. Roberts*, 154 Colo. 252, 390 P.2d 465 (1964).

When a promissory note is payable on demand, the statute of limitations begins to run on the date the note is executed. *Kirby v. Bourg*, 165 Colo. 500, 440 P.2d 151 (1968). Thus, since this action was brought almost ten years after the note was executed, the complaint itself discloses that it was not brought within the six-year period statutorily prescribed for such actions.

Wasinger also argues that the trial court's dismissal denied him the opportunity to introduce facts of partial payments, waiver, and tolling to extend or abrogate the statute of limitations. There is nothing in the record, however, indicating that the trial court was notified of the existence of such defenses.

Wasinger not only failed to submit a responsive brief to Reid's motion to dismiss as required by C.R.C.P. 121 § 1–15, but also made no motion under C.R.C.P. 60 for relief from the order because of mistake, inadvertence, or excusable neglect. Thus, the trial court was forced to rule on Reid's motion based solely on the complaint and motion to dismiss itself. Under these circumstances, the trial court acted properly in dismissing the action.

Order affirmed.

BERMAN and METZGER, JJ., concur.