The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 26, 2019

## 2019COA186

**No. 18CA2261, *Gunderson v. Weidner Holdings, LLC* — Uniform
Commercial Code — Negotiable Instruments — Statute of
Limitations**

A division of the court of appeals considers the applicable

statute of limitations for two payable-on-demand promissory notes.

The division concludes that because the promissory notes are

negotiable instruments, the more specific statute of limitations

under Colorado's Uniform Commercial Code (UCC) applies, not the

general six-year statute of limitation applied by the trial court.  And

because the promissory notes are demand notes on which no

principal or interest has been paid and because suit was filed

within ten years of execution of the notes and within six years of

demand being made, the action is not time-barred.

Accordingly, the division reverses the trial court's summary judgment.

Court of Appeals No. 18CA2261
Mesa County District Court No. 17CV30328
Honorable Brian J. Flynn, Judge

Jerry Gunderson,

Plaintiff-Appellee,

v.

Weidner Holdings, LLC and William Weidner,

Defendants-Appellants.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE WELLING
Berger and Martinez*, JJ., concur

Announced December 26, 2019

Joseph Coleman & Associates, LLC, Joseph Coleman, Isaiah Quigley, Grand
Junction, Colorado, for Plaintiff-Appellee

Dackonish & Blake, P.C., Thomas W. Blake, Grand Junction, Colorado, for
Defendants-Appellants

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1    This case centers on which statute of limitations applies to two payable-on-demand promissory notes, one of which is secured by a deed of trust on real property.  Citing *Mortgage Investments Corp. v. Battle Mountain Corp.*, 70 P.3d 1176 (Colo. 2003), the district court applied the general six-year statute of limitations, not the one applicable to negotiable instruments under the Uniform Commercial Code (UCC).  Based on this, and its conclusion that a claim to enforce a payable-on-demand promissory note accrues when the note is executed, the district court granted summary judgment in favor of plaintiff, Jerry Gunderson.  Defendants, William Weidner and Weidner Holdings, LLC, appeal the district court's order for summary judgment.  Because we conclude that the UCC applies and that under the UCC's limitations period Weidner Holdings' claim to enforce the promissory notes is not time barred, we reverse the district court's judgment.

## I.    Background

¶ 2    Jerry Gunderson and his wife, Kimberly Gunderson, asked Kimberly's father, William Weidner, to provide them with money to purchase a home.  Through his limited liability company, Weidner Holdings, Mr. Weidner disbursed two lump sums to the couple in

1

order to fund the real estate purchase.  On June 19, 2009, the Gundersons executed two promissory notes in the amounts of $739,000 and $150,000, respectively.  The promissory notes were explicitly payable on demand and bore a nominal annual interest rate of 0.75 percent.  The $739,000 note was secured by a deed of trust; the $150,000 note was unsecured.  The promissory notes did not require any periodic payments of interest or principal.  And the Gundersons made none.

¶ 3     Later, the Gundersons asked Mr. Weidner to forgive the notes so that they could sell the property encumbered by the larger note and purchase property in Montana.  Mr. Weidner declined the request.  But he did agree to release the deed of trust on the property the Gundersons were selling and take a subordinated security interest in the Montana property.  The Gundersons then moved to Montana.  Soon after, the Gundersons separated and began dissolution of marriage proceedings.

¶ 4     After the Gundersons filed for divorce in Montana, Mr. Weidner, on behalf of his limited liability company, called the two

notes due against Mr. Gunderson.[1]  Mr. Weidner demanded payment on March 9, 2017, almost eight years after the notes were executed.  After Mr. Weidner demanded repayment, Mr. Gunderson sued in Colorado district court, seeking a declaratory judgment that the money was a gift, never to be repaid.  Mr. Gunderson also contended that the statute of limitations barred Mr. Weidner's and his limited liability company's efforts to enforce the notes.

¶ 5     On July 19, 2017, Weidner Holdings asserted counterclaims, seeking a declaratory judgment that the disbursed funds were loans and not gifts and that its enforcement action was not time barred. Weidner Holdings also sought to enforce the promissory notes against Mr. Gunderson.  Mr. Gunderson then moved for summary judgment, seeking application of the statute of limitations to preclude enforcement of the notes and to extinguish the deed of trust.

¶ 6     Mr. Gunderson contends the general statute of limitations, section 13-80-103.5, C.R.S. 2019, applies to the notes, while the Weidner defendants contend that the statute of limitations under

---

[1] Weidner Holdings seeks to enforce the notes against Jerry Gunderson, but not Mr. Weidner's daughter, Kimberly Gunderson.

Colorado's UCC, section 4-3-118, C.R.S. 2019, applies to the notes.[2]

¶ 7     The district court granted Mr. Gunderson's motion for summary judgment, concluding that Colorado's general six-year statute of limitations applied to the notes, that any claim on the notes accrued when they were executed, and therefore that Weidner Holdings' claim for enforcement of the notes is time barred. Mr. Weidner and his limited liability company appeal.

## II.     Applicable Statute of Limitations

### A.     Legal Principles

¶ 8     We review an order granting a motion for summary judgment de novo. *Salas v. Grancare, Inc.*, 22 P.3d 568, 571 (Colo. App. 2001). Summary judgment is only appropriate when there is no genuine issue of material fact. C.R.C.P. 56(e). In reviewing a motion for summary judgment, "the nonmoving party is entitled to any favorable inferences that may reasonably be drawn from the facts, and all doubts must be resolved against the moving party."

---

[2] Neither party disputes that Colorado law applies.

*Clementi v. Nationwide Mut. Fire Ins. Co.*, 16 P.3d 223, 225-26 (Colo. 2001).

¶ 9　　Which statute of limitations applies is a question of law that we review de novo. *Castle Rock Bank v. Team Transit, LLC*, 2012 COA 125, ¶ 16. A statute of limitations prescribes the time during which an action must be brought. The purposes of statutes of limitation are to promote justice, discourage unnecessary delay, and preclude the prosecution of stale claims. *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 899 (Colo. App. 2003). The statute of limitations is an affirmative defense, C.R.C.P. 8(c), that must be pleaded and proved by the defendant. *Zertuche v. Montgomery Ward & Co.*, 706 P.2d 424, 426 (Colo. App. 1985); *cf. Drake v. Tyner*, 914 P.2d 519, 523 (Colo. App. 1996) (concluding that the defense adequately raised a statute of limitations defense in its summary judgment motion).

## B.　Analysis

¶ 10　　So, which statute of limitations controls a cause of action to enforce the promissory notes? Mr. Gunderson contends (and the district court agreed) that section 13-80-103.5(1)(a), the general

statute of limitations applicable to liquidated debts, applies. That

section provides:

> (1) The following actions shall be commenced
> within six years after the cause of action
> accrues and not thereafter:
>
> (a) All actions to recover a liquidated debt or
> an unliquidated, determinable amount of
> money due to the person bringing the action,
> [and] all actions for the enforcement of rights
> set forth in any instrument securing the
> payment of or evidencing any debt . . . .

§ 13-80-103.5.

¶ 11    The Weidner defendants, on the other hand, contend that the

two promissory notes are negotiable instruments, and that as

payable-on-demand negotiable instruments, an action to enforce

them is subject to the limitations period in section 4-3-118, which

provides:

> [I]f demand for payment is made to the maker
> of a note payable on demand, an action to
> enforce the obligation of a party to pay the
> note must be commenced within six years after
> the demand. If no demand for payment is
> made to the maker, an action to enforce the
> note is barred if neither principal nor interest
> on the note has been paid for a continuous
> period of ten years.

§ 4-3-118(b).

¶ 12    The key, undisputed facts affecting the statute of limitations analysis are:

- The promissory notes were executed on June 19, 2009.

- The promissory notes are payable on demand and payments of principal and interest have never been made.

- Demand for payment wasn't made until March 9, 2017 (just shy of six years and nine months after the promissory notes were executed).

- Suit to enforce the promissory notes was initiated on July 19, 2017 (eight years and one month after the promissory notes were executed).

¶ 13    Based on the undisputed facts, it is uncontested that if section 13-80-103.5(1)(a) applies (and assuming that a claim on a payable-on-demand promissory note accrues when it is executed), then Weidner Holdings' action to enforce the promissory notes is time barred. This is so because demand for payment was not made until more than six years after the promissory notes were executed. *See* § 13-80-103.5(1)(a). It is also uncontested that if section 4-3-118(b) applies instead, then the Weidner Holdings' action to enforce the

promissory notes is not time barred.  This is so because demand for payment was made within ten years of the notes being executed and because suit was filed within six years after demand was made. *See* § 4-3-118(b).  Simply put, whether the district court properly granted summary judgment turns on which statute of limitations applies.

¶ 14    To resolve this question, we must first address whether the promissory notes are negotiable instruments.  If they are, we must next determine whether securing them with a deed of trust defeats negotiability.  Answering both of these questions in favor of negotiability, we then consider whether the supreme court case on which the district court relied — *Mortgage Investments Corp. v. Battle Mountain Corp.*, 70 P.3d 1176 (Colo. 2003) — controls; we conclude that it does not control the disposition of this case.  Based on this analysis, we finally conclude that the UCC's statute of limitations, section 4-3-118(b), governs and that the district court's application of the general statute of limitations, section 13-80-103.5, was erroneous.

### 1. The Promissory Notes Are Negotiable Instruments

¶ 15    Article 3 of the UCC governs the issuance, transfer, enforcement, and discharge of negotiable instruments. *Liberty Mortg. Corp. v. Fiscus*, 2016 CO 31, ¶ 13. Whether a promissory note is a negotiable instrument is a question of law that we review de novo. *Cf. Reid v. Pyle*, 51 P.3d 1064, 1067 (Colo. App. 2002) (appearing to treat the question of whether a promissory note is a negotiable instrument as a question of law); *DBA Enters., Inc. v. Findlay*, 923 P.2d 298, 303 (Colo. App. 1996) (same).

¶ 16    Under the UCC, a negotiable instrument is an "unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order" if it:

> (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (2) Is payable on demand or at a definite time; and
>
> (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money [with exceptions that are not applicable here].

§ 4-3-104(a), C.R.S. 2019.

¶ 17    We conclude that the two promissory notes here meet the definition of a negotiable instrument under the UCC. First, the notes contain plain language describing an unconditional promise to pay a fixed amount of money with interest. *Cf. Bank of Kimball v. Rostek*, 161 Colo. 584, 586, 423 P.2d 579, 580 (1967) ("In order for a promissory note to be negotiable . . . it must contain both an unconditional promise to pay and a fixed or determinable date of payment."). Specifically, both notes contain the following language: "In return for the loan that I have received, I promise to pay [the principal amount] . . . plus interest, to the order of the Lender." Second, the notes were payable to order at the time they were issued; the language of both notes specifically makes payment due to an identified legal entity — namely, Weidner Holdings (which continues to be the holder of the notes). Third, the notes are payable on demand and due at the lender's call, providing: "I will pay principal and interest by making a payment upon demand." Fourth, the notes do not state any additional undertakings, conditions, or promises.

¶ 18    Because the promissory notes satisfy the conditions set forth in section 4-3-104(a), they are negotiable instruments. *See Haberl*

*v. Bigelow*, 855 P.2d 1368, 1372-73 (Colo. 1993).  Still, Mr. Gunderson contends that the promissory notes are not negotiable instruments because they are secured by a deed of trust.[3]  We turn to that contention next.

### 2. Securing a Promissory Note With a Deed of Trust Does Not Defeat the Negotiability of the Promissory Note

¶ 19    As noted earlier, the larger of the two promissory notes is secured by a deed of trust in real property.  Mr. Gunderson argues that the conditions of the deed of trust constitute "further undertakings," rendering the promissory note non-negotiable.  We agree that if a written agreement makes an obligation to pay subject to an express condition, the instrument is not payable on demand, but is payable only upon the happening of the express condition.  *See Roa v. Miller*, 784 P.2d 826, 829 (Colo. App. 1989) (holding that defendant's promise to pay was not unconditional because it was expressly conditioned upon her "transfer of title," and therefore, the

---

[3] In his briefing, Mr. Gunderson appears to contend that both promissory notes are secured by a deed of trust.  But the record reflects that only the larger of the two notes is secured.  Because we conclude that whether a note is secured does not have a bearing on negotiability, *see* Part II.B.2, *infra,* we don't need to resolve this discrepancy.

document could not be a negotiable instrument).  But here, any additional conditions are solely required by the deed of trust and are not incorporated into the promissory notes.  And Mr. Gunderson does not cite any case law, and we know of none, that holds that a promissory note secured by a deed of trust cannot be a negotiable instrument under the UCC.

¶ 20    Instead, the promissory notes here are similar to the promissory note that the supreme court found to be a negotiable instrument in *Haberl*.  In that case, the supreme court held that the promissory note at issue, despite being secured by a deed of trust, was still a negotiable instrument because it contained "both an unconditional promise to pay and a fixed date of payment."  *Haberl*, 855 P.2d at 1372.  Here too, the promissory notes satisfy the conditions of a negotiable instrument, and the fact that one is secured by a deed of trust does not defeat its negotiability.  *See id.* at 1372-73 (collecting cases from other jurisdictions that stand for the proposition that a promissory note is not stripped of its character as a negotiable instrument simply because it is secured by a deed of trust or mortgage).  Accordingly, we conclude that both

promissory notes are negotiable instruments, notwithstanding the fact that one is secured by a deed of trust.

### 3. The Colorado Supreme Court's Decision in *Battle Mountain* Is Inapposite

¶ 21 The district court relied on *Battle Mountain* to conclude that the general six-year statute of limitations applies to a payable-on-demand promissory note secured by a deed of trust. Mr. Gunderson urges us to do the same. We, however, are not persuaded that *Battle Mountain* controls this case. To understand why, a close examination of *Battle Mountain* is warranted.

¶ 22 The underlying claim in *Battle Mountain* was a foreclosure on a deed of trust. 70 P.3d at 1179. Eight years before filing the foreclosure action giving rise to *Battle Mountain*, the lender sued the borrower for default on a promissory note, and instead of immediately foreclosing on the property, simply obtained a judgment. *Id.* at 1179-80. In an effort to collect on the judgment, the lender filed the *Battle Mountain* litigation, seeking to foreclose on the deed of trust that originally secured the promissory note (and, at the time of filing, secured the judgment). *Id.* at 1180. Because eight years had passed between the lender obtaining its

judgment and initiating the foreclosure action, the borrower contended that the lender's foreclosure action was barred by the six-year statute of limitations contained in section 13-80-103.5. *Id.* A division of our court agreed, and the lender sought certiorari review. *Id.* at 1181.

¶ 23 The supreme court granted certiorari to determine whether the six-year statute of limitations barred foreclosure on a lien of a deed of trust.[4] *Id.* at 1178. The supreme court reversed a decision of the court of appeals, holding that an action to foreclose on a deed of trust is governed by the fifteen-year limitations period applicable to deeds of trust, so long as the action to reduce the promissory note to judgment was timely pursued. *Id.* at 1179, 1183. In so holding, the supreme court stated as follows:

> We conclude that the six-year statute of limitations, section 13–80–103.5, 5 C.R.S. (2002), is a general statute of limitations on the enforcement of debts, *including those evidenced by a promissory note secured by a deed of trust.* When, as here, *a party brings an*

---

[4] The court also granted certiorari to address whether certain defendants had standing to assert a statute of limitations defense in a foreclosure action. *See Mortg. Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1179 n.1 (Colo. 2003). This second issue has no bearing on the issues presented in this case. And neither party contends otherwise.

> *action for default on a promissory note within the six-year limitations period* and thereafter reduces the note to judgment, the more specific six and fifteen-year limitations periods apply to the resulting judgment lien and the deed of trust respectively. The action before us is for foreclosure on a deed of trust, not execution upon a judgment lien, and the fifteen-year statute of limitations of section 38–39–205, 10 C.R.S. (2002), applies.

*Id.* at 1183 (emphasis added).

¶ 24    It is the italicized language that the district court seized upon to conclude that regardless of whether a promissory note is a negotiable instrument, the general statute of limitations in section 13-80-103.5 controls.[5] We are not persuaded, however, that this language supports that conclusion, for two reasons.

---

[5] In addition to determining that the applicable statute of limitations is the six-year general statute of limitations, the district court also relied on *Wasinger v. Reid*, 705 P.2d 533, 534 (Colo. App. 1985), to conclude that Mr. Weidner's claim accrued when the promissory notes were executed. *Id.* ("When a promissory note is payable on demand, the statute of limitations begins to run on the date the note is executed." (citing *Kirby v. Bourg*, 165 Colo. 500, 440 P.2d 151 (1968))). When *Wasinger* was decided, however, the Colorado UCC specified that a cause of action on a demand note accrues on the date of issuance. *See* § 4-3-122(1)(b), C.R.S. 1985 ("A cause of action against a maker or an acceptor accrues . . . [i]n the case of a demand instrument upon its date or, if no date is stated, on the date of issue."). But in 1994, portions of the Colorado UCC — including article 3 — were repealed and reenacted; in this process, section 4-3-122(1)(b) was eliminated and section 4-

15

¶ 25    First, the court in *Battle Mountain* was not presented with the issue of what statute of limitations applied to the claim to enforce the promissory note.  The case reducing the defaulted promissory note to judgment had been resolved eight years earlier without any apparent issue regarding the applicable statute of limitations being raised.  *Id.* at 1179-81.  Indeed, even if the action to reduce the promissory note to judgment had been subject to a valid statute of limitations defense, the proper time to raise and resolve the issue was in the earlier case, not in the foreclosure case.  This is so because an alleged violation of a statute of limitations is a waivable affirmative defense, not a jurisdictional defect subject to collateral attack.  Put differently, even if the court in the promissory note case misapplied the statute of limitations, *Battle Mountain* — the foreclosure case — was not the proper setting to remedy it.  Thus,

3-118 was enacted, dramatically changing the accrual of a cause of action on a demand note.  *See* Ch. 159, sec. 1, 1994 Colo. Sess. Laws 839-50.  Because of the statutory change and our determination that the promissory notes are negotiable instruments, *Wasinger* has no bearing on this case.  But because we do not reach the issue of when a non-negotiable payment-on-demand promissory note would accrue, we offer no opinion on whether *Wasinger* has continuing viability under such circumstances.

the applicable statute of limitations that applied to enforcement of the promissory note was not at issue in *Battle Mountain*. So any discussion of the statute of limitations applicable to the enforcement of the promissory note was outside of the scope of the grant of certiorari in *Battle Mountain*. *See id.* at 1179 n.1 (listing the issues that the court granted certiorari to review).

¶ 26 Second, the question of whether the promissory note at issue was a negotiable instrument was not raised, much less resolved in *Battle Mountain*. In other words, we are confronted with a question that was not before the court in *Battle Mountain* — whether a payable-on-demand promissory note that is a negotiable instrument is subject to the UCC's statute of limitations.[6]

¶ 27 In summary, two things that were necessary to the court's holding in *Battle Mountain* regarding the promissory note was the fact that the promissory note had been reduced to judgment and

---

[6] Mr. Weidner also points out an additional distinction: that the promissory note at issue in *Battle Mountain* was not a payment-on-demand note. While this is true, this strikes us as a distinction without a difference when it comes to evaluating whether *Battle Mountain* sheds any light on the applicable statute of limitations. If this distinction were to have any relevance to our analysis it would be with respect to the issue of accrual under the general statute of limitations, an issue that we do not reach. *See supra* note 5.

when that occurred.  And the *Battle Mountain* court's discussion of the statute of limitations applicable to the action to enforce the promissory note was not necessary to its holding.  Accordingly, we conclude that *Battle Mountain* does not shed any light on — much less control — what statute of limitations applies to a suit to enforce the promissory notes at issue in this case.

### 4. The UCC's Statute of Limitations Applies and the Claims Are Not Time Barred

¶ 28  Having resolved the threshold issues of whether the promissory notes are negotiable instruments and whether *Battle Mountain* controls, we now turn to the question of which statute of limitations applies to Weidner Holdings' claim to enforce promissory notes against Mr. Gunderson.

¶ 29  Section 13-80-103.5 is a general statute of limitations on the enforcement of debts, while section 4-3-118(b) is a more specific statute of limitations, reserved for negotiable instruments.  *Battle Mountain*, 70 P.3d at 1184 (observing that section 13-80-103.5 is a "general limitations provision that is broad in scope and includes many types of instruments that secure a debt").  Where there is a conflict over the applicable statute of limitations, courts should

apply the more specific statute of limitations over a more general statute of limitations. *See Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172-73 (Colo. 1987) (holding that in the absence of a clear legislative intent to the contrary, a statute of limitations specifically addressing a particular class of cases will control over a more general or catch-all statute of limitations); *see also Battle Mountain*, 70 P.3d at 1183. This leads us to the conclusion that section 4-3-118(b) — the UCC's statute of limitations for payable-on-demand negotiable instruments — applies, and not the general statute of limitations applied by the district court.

¶ 30    In case any doubt lingers over whether the legislature intended the UCC's statute of limitations to apply to circumstances like those presented here, official comment 2 to section 4-3-118 confirms our conclusion. *See West v. Roberts*, 143 P.3d 1037, 1041 (Colo. 2006) ("Comments to a statute are relevant in its interpretation."). That official comment provides as follows:

> The second sentence of subsection (b) bars an action to enforce a demand note if no demand has been made on the note and no payment of interest or principal has been made for a continuous period of 10 years. This covers the case of a note that does not bear interest or a case in which interest due on the note has not

been paid. This kind of case is likely to be a
family transaction in which a failure to
demand payment may indicate that the holder
did not intend to enforce the obligation but
neglected to destroy the note.

§ 4-3-118 cmt. 2.

¶ 31 For these reasons, we conclude that section 4-3-118(b) — and

not section 13-80-103.5 — applies to Weidner Holdings' effort to

collect on the promissory notes executed by the Gundersons. And

because it is undisputed that the promissory notes are demand

notes on which no principal or interest has been paid and because

suit was filed within ten years of execution of the notes and within

six years of demand being made, the action is not time barred.

Accordingly, we reverse the summary judgment.

¶ 32 There's one more issue that we need to address. Having

concluded that Weidner Holdings' claim to enforce the promissory

notes are time barred, the district court also concluded that its

claim to enforce the deed of trust is similarly time barred. The

district court was certainly correct in its legal analysis that *if* a

claim on a promissory note is time barred, so too is a claim to

foreclose on the collateral securing the note. *See* § 38-39-207,

C.R.S. 2019 ("The lien created by any instrument shall be

20

extinguished, regardless of any other provision in this article to the contrary, at the same time that the right to commence a suit to enforce payment of the indebtedness or performance of the obligation secured by the lien is barred by any statute of limitation of this state."). But because we reverse the district court's statute of limitations ruling on the promissory notes, we also reverse its ruling dismissing the foreclosure claim, as it is wholly derivative of the reversed ruling.

### III. Conclusion

¶ 33 For the foregoing reasons, the district court's order granting summary judgment in favor of Mr. Gunderson is reversed, and the case is remanded for further proceedings. Nothing in this opinion, however, should be construed as addressing the merits of any other defense to the enforcement of the notes or deed of trust, including that they were a gift; such issues were not before us and should be addressed by the district court on remand.

¶ 34 JUDGE BERGER and JUSTICE MARTINEZ concur.