The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 12, 2026

**2026COA11**

**No. 23CA1172, *Weatherill v. State Farm* — Insurance —
Regulation of Insurance Companies — Required Disclosures;
Limitation of Actions — General Limitation of Actions Two
Years**

Under section 10-3-1117(2)(a), C.R.S. 2025, a person who has

a potential automobile liability claim against an insured is entitled

to obtain relevant policy coverage information from the insured's

insurance company.  If the insurance company fails to respond to

the person's request for information within thirty days, the insurer

is liable for damages in an amount of $100 for every day of

noncompliance.  § 10-3-1117(3).

The questions presented on appeal are when a claim under

section 10-3-1117(3) accrues and which statute of limitations

applies.  Declining to follow *Reynolds v. Great Northern Insurance

Co.,* 2023 COA 77, a division of the court of appeals concludes that

section 10-3-1117 is not a penalty statute subject to a one-year statute of limitations because the accrual provision for a cause of action for penalties, section 13-80-108(9), C.R.S. 2025, does not apply. Therefore, a section 10-3-1117 claim is subject to the two-year catchall statute of limitations in section 13-80-102(1)(i), C.R.S. 2025, and accrues when the conduct giving rise to the cause of action — i.e., the insurance company's alleged noncompliance — is discovered or should have been discovered.

COLORADO COURT OF APPEALS                                    **2026COA11**

Court of Appeals No. 23CA1172
City and County of Denver District Court No. 22CV33310
Honorable Jill D. Dorancy, Judge

Joshua Weatherill and Wendy Weatherill,

Plaintiffs-Appellants,

v.

State Farm Mutual Automobile Insurance Company,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

Announced March 12, 2026

Robinson & Henry P.C., Matthew W. Hamblin, Jon M. Topolewski, Denver, Colorado; Singleton Shreiber P.C., Nelson Boyle, Denver, Colorado for Plaintiffs-Appellants

Patterson Ripplinger, P.C, Franklin D. Patterson, Hillary D. Patterson, Greenwood Village, Colorado, for Defendant-Appellee

Ken Fiedler Injury Law, James R. Anderson, Denver, Colorado, for Amicus Curiae Colorado Trial Lawyers Association

¶ 1 Under section 10-3-1117(2)(a), C.R.S. 2025, a person who has a potential automobile liability claim against an insured may request relevant policy coverage information from the insured's insurance company. The insurer must respond within thirty days by providing the claimant with all known insurance policies of the insured, including any umbrella policies. *Id.* An insurer that violates this obligation is liable to the requesting claimant for damages in an amount of $100 for every day of noncompliance. § 10-3-1117(3).

¶ 2 In November 2022, plaintiffs, Joshua and Wendy Weatherill, sued defendant, State Farm Mutual Automobile Insurance Company, after they discovered that State Farm had provided them with incomplete information in response to section 10-3-1117 requests they made on January 21, 2021, and February 16, 2021. State Farm moved to dismiss the complaint, arguing that the statute of limitations barred their claim. According to State Farm, section 10-3-1117 imposes a penalty when an insurer fails to comply with the statutory obligation, so the Weatherills' claim was subject to a one-year statute of limitations that began accruing

1

thirty-one days after State Farm received their requests. The district court agreed with State Farm and dismissed the complaint.

¶ 3    Construing the relevant statutes and statutory scheme, we conclude that section 10-3-1117 is not a penalty statute and, therefore, is not subject to a one-year statute of limitations. Rather, a claim against an insurer for violating section 10-3-1117 is subject to the two-year catchall statute of limitations, § 13-80-102(1)(i), C.R.S. 2025, and it accrues when the "conduct giving rise to the cause of action is discovered or should have been discovered," § 13-80-108(8), C.R.S. 2025. In reaching this conclusion, we decline to follow *Reynolds v. Great Northern Insurance Co.*, 2023 COA 77. Accordingly, we reverse the district court's judgment and remand the case with directions to reinstate the Weatherills' complaint.

## I.    Background

¶ 4    The Weatherills were involved in a car accident with Keli Ortega, who was insured by State Farm.[1] On January 21, 2021, the Weatherills' counsel sent State Farm a request for information on Ortega's policy coverage under section 10-3-1117(2)(a). On

---

[1] The facts are taken from the Weatherills' amended complaint.

January 29, 2021, a State Farm claims specialist responded to the request by email, attaching a copy of Ortega's automobile liability policy and declaration. That policy showed that Ortega had liability coverage of $250,000. The response did not disclose an umbrella policy for Ortega.

¶ 5 On February 16, 2021, the Weatherills' counsel sent State Farm's registered agent a second, substantially identical section 10-3-1117(2)(a) request. State Farm did not further respond.

¶ 6 Over a year after State Farm's response, the Weatherills sued Ortega. On October 31, 2022, and in connection with that litigation, Ortega produced a confirmation of coverage document from State Farm that showed she had an additional $1,000,000 umbrella policy at the time of the car accident.

¶ 7 In November 2022, the Weatherills filed this action against State Farm. They asserted that State Farm had violated section 10-3-1117 by failing to disclose Ortega's umbrella policy in response to their section 10-3-1117(2)(a) requests, and they sought damages of $100 per day for each day that State Farm had not complied with its obligation, plus attorney fees and costs.

¶ 8     State Farm moved to dismiss the Weatherills' complaint under C.R.C.P. 12(b)(5).  It argued that section 10-3-1117 is a penalty statute, and that a claim under the statute accrues at the time of the violation, which, in this case, was March 19, 2021 — thirty-one days after the Weatherills' February 16, 2021, request to State Farm's registered agent.  According to State Farm, because the Weatherills sought a penalty, their claim was governed by a one-year statute of limitations, and therefore the November 2022 complaint was barred because the statute of limitations had run.  The district court adopted State Farm's argument and dismissed the complaint.

II.     Statute of Limitations for a Section 10-3-1117 Claim

¶ 9     To review the propriety of the district court's ruling, we must determine when a claim under section 10-3-1117 accrues and the statute of limitations applicable to it.  The parties' initial briefing did not address accrual, however.  After oral argument, we granted the parties' request to submit supplemental briefing on the issue of when a section 10-3-1117 claim accrues.

¶ 10    Considering the parties' arguments and reviewing the plain language of the relevant statutes, we conclude that because the

4

accrual provision for a cause of action for penalties, § 13-80-108(9), does not apply to a section 10-3-1117 claim, such a claim is not for a penalty and therefore not subject to a one-year statute of limitations. Consequently, a claim against an insurer for violating section 10-3-1117 accrues under section 13-80-108(8) — when the "conduct giving rise to the cause of action is discovered or should have been discovered" — and is subject to a two-year statute of limitations as set forth in section 13-80-102(1)(i).

¶ 11      The district court therefore erred by applying the one-year statute of limitations to the Weatherills' claim and dismissing their November 2022 complaint.

### A.      Relevant Legal Principles

#### 1.      C.R.C.P. 12(b)(5) Standards

¶ 12      A C.R.C.P. 12(b)(5) motion to dismiss tests the formal sufficiency of a plaintiff's complaint. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2016 COA 3, ¶ 12, *aff'd*, 2018 CO 3. When reviewing a motion to dismiss, the court must accept as true all factual allegations in the complaint and view the allegations in the light most favorable to the plaintiff. *Williams v. Rock-Tenn Servs., Inc.*, 2016 COA 18, ¶ 11.

¶ 13    A court generally may not grant a C.R.C.P. 12(b)(5) motion based on a statute of limitations defense unless the bare allegations of the complaint reveal that the plaintiff filed the action after the applicable statute of limitations had expired. *Wagner v. Grange Ins. Ass'n,* 166 P.3d 304, 307 (Colo. App. 2007).

¶ 14    We review de novo a district court's dismissal of a claim based on a statute of limitations defense. *Gomez v. Walker,* 2023 COA 79, ¶ 7. When the court's dismissal raises a question of statutory interpretation, we review that issue de novo as well. *See Rooftop Restoration, Inc. v. Am. Fam. Mut. Ins. Co.,* 2018 CO 44, ¶ 5; *see also Gunderson v. Weidner Holdings, LLC,* 2019 COA 186, ¶ 9 (determining the applicable statute of limitations presents a question of law).

¶ 15    Our aim when interpreting a statute is to effectuate the legislature's intent. *Goodman v. Heritage Builders, Inc.,* 2017 CO 13, ¶ 7. We begin with the statutory language itself, giving the text its "ordinary and commonly accepted meaning." *Rooftop,* ¶ 12. We then consider the statutory framework as a whole, giving "consistent, harmonious, and sensible effect to all of its parts and avoiding constructions that would render any words or phrases

superfluous or lead to illogical or absurd results." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 22. If the statutory language is "clear and unambiguous," the analysis ends. *Hernandez v. Ray Domenico Farms, Inc.*, 2018 CO 15, ¶ 6.

### 2. Statutes of Limitation

¶ 16 Statutes of limitation prescribe the time during which a party may assert a cause of action. *Gunderson*, ¶ 9. Their purpose is to promote justice, discourage unnecessary delay, and prevent the pursuit of stale claims. *Hickerson v. Vessels*, 2014 CO 2, ¶ 13.

¶ 17 In title 13, article 80, of the Colorado Revised Statutes, the General Assembly established the statutes of limitation for personal actions. *See* §§ 13-80-101 to -119, C.R.S. 2025. As relevant here, there is a one-year statute of limitations applicable to "[a]ll actions for any penalty or forfeiture of any penal statutes," § 13-80-103(1)(d), C.R.S. 2025, and a two-year catchall statute of limitations applicable to "[a]ll other actions of every kind for which no other period of limitation is provided," § 13-80-102(1)(i).

¶ 18 "Integral to any statute of limitations is the time of accrual: the time when the proverbial clock starts ticking and the statute of limitations begins to run." *Rooftop*, ¶ 13. The legislature has

7

established "a handful of separate dates of accrual which apply in particular circumstances." *Id.* A cause of action for penalties accrues "when the determination of overpayment or delinquency for which such penalties are assessed is no longer subject to appeal." § 13-80-108(9). An action for losses or damages not otherwise addressed in section 13-80-108 accrues "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." § 13-80-108(8).

### 3. Section 10-3-1117

¶ 19     Section 10-3-1117(2)(a) requires that when a prospective claimant sends a request for policy information to a personal automobile insurer, the insurer must respond within thirty days. And the insurer's response must include

> the following information with regard to each known policy of insurance of the named insured, including excess or umbrella insurance, that is or may be relevant to the claim:
>
> (I)     The name of the insurer;
>
> (II)    The name of each insured party, as the name appears on the declarations page of the policy;

8

(III) The limits of the liability coverage; and

(IV) A copy of the policy.

*Id.*

¶ 20 An insurer that "violates this section is liable to the requesting claimant for damages in an amount of one hundred dollars per day, beginning on and including the thirty-first day following the receipt of the claimant's written request." § 10-3-1117(3). "The penalty accrues until the insurer provides the information required by this section." *Id.*

¶ 21 When enacting section 10-3-1117, the legislature also amended its legislative declaration regarding insurance companies' trade practices to clarify the statute's purpose — to increase "transparency in the insurance claims process to further the public policy of encouraging settlement and preventing unnecessary litigation" and to provide a claimant with "accurate and reliable information about the amount of legal liability coverage available for a claim." Ch. 250, secs. 1, 2, §§ 10-3-1101, 10-3-1117, 2019 Colo. Sess. Laws 2426-28.

## B. Application

¶ 22     We turn first to the plain statutory text to determine whether the legislature intended section 10-3-1117 to be a statutory penalty. *See Rooftop*, ¶¶ 9, 14. Section 10-3-1117(3) states that a claimant may recover "damages" for an insurer's violation. And "damages" generally means "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury." Black's Law Dictionary 488 (12th ed. 2024). But section 10-3-1117(3) also refers to the damages as a "penalty." The word "penalty," as commonly used, means "[p]unishment imposed on a wrongdoer, usu[ally] in the form of imprisonment or fine; esp[ecially] a sum of money exacted as punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)." Black's Law Dictionary at 1365. A penalty is "often something imposed by the state." *Rooftop*, ¶ 14. Section 10-3-1117 damages are not a fine imposed by the state, suggesting that the provision does not amount to a penalty.

¶ 23     Section 10-3-1117 has other features consistent with a penalty, though. In particular, the statute punishes an insurer for not complying with its statutory obligation, and the punishment is

10

based on the number of days it takes the insurer to comply, not the claimant's actual damages. *See Kruse v. McKenna,* 178 P.3d 1198, 1201 (Colo. 2008) (a statute is penal if "the statute asserted a new and distinct cause of action," the claim allows recovery without proof of actual damages, and the claim allows an award in excess of actual damages), *overruled on other grounds by, Guarantee Tr. Life Ins. Co. v. Est. of Casper,* 2018 CO 43. But even if these features suggest that the statute is penal, "that result would be meaningless if the legislature explicitly determined that the statute was not penal for the purposes of applying the appropriate statute of limitations." *Rooftop,* ¶ 9.

¶ 24    Therefore, we focus instead on section 10-3-1117 in the context of "the interplay between the one-year statute of limitations, section 13-80-103(1)(d), and the accrual statute, section 13-80-108." *Id.* at ¶ 15. In *Rooftop,* the supreme court conducted this analysis in relation to section 10-3-1116(1), C.R.S. 2025, which governs claims for unreasonable delay or denial of insurance

benefits.[2]  *Rooftop*, ¶ 1.  To determine whether the statute was penal and subject to a one-year statute of limitations, the court first looked to the accrual provision for penalties, which, as noted, provides that the cause of action accrues when the determination of overpayment or delinquency for which such penalties are assessed is no longer subject to appeal, § 13-80-108(9).  Based on the accrual provision, the court determined that "the legislature considered a defining feature of a cause of action for penalties to be a determination of either overpayment or delinquency."  *Rooftop*, ¶ 15.  The court explained that this defining feature was absent from a cause of action under section 10-3-1116(1), where a claimant "must only file a complaint" to support its claim against the insurer.  *Rooftop*, ¶ 15.  And because a claim under the statute "never leads to a determination of overpayment or delinquency[,] . . . the claim would *never* accrue, and the statute of limitations would be rendered meaningless."  *Id.*  Accordingly, the supreme

---

[2] If an insurer "unreasonably delay[s] or denie[s]" a claim for payment of benefits, the claimant may bring an action "to recover reasonable attorney fees and court costs and two times the covered benefit."  § 10-3-1116(1), C.R.S. 2025.

court held that a section 10-3-1116(1) claim is not a cause of action for penalties subject to a one-year statute of limitations. *Id.* at ¶ 16.

¶ 25     In our view, the *Rooftop* analysis controls here. The "defining feature" of a claim for penalties is likewise absent from a cause of action under section 10-3-1117. A claimant asserting a section 10-3-1117 cause of action need only file a complaint to support a claim against the insurer. *See* § 10-3-1117(3). And there is no determination of overpayment or delinquency before the cause of action is filed, nor does the claim lead to a determination of overpayment or delinquency that is "no longer subject to appeal." § 13-80-108(9).

¶ 26     This is where we part ways with *Reynolds*. *See In re Marriage of Aragon*, 2019 COA 76, ¶ 13 (acknowledging that a division of this court is not bound by another division's decision). In *Reynolds*, another division of this court considered the statute of limitations applicable to a section 10-3-1117 cause of action. In that case, the claimant asserted a claim against the insurer because, for over seventeen months, the insurer did not provide a response to a section 10-3-1117(2)(a) request. *Reynolds*, ¶ 2. Relying on the reference to a "penalty" in section 10-3-1117(3), the *Reynolds*

division determined that section 10-3-1117 imposes a statutory penalty, and that, as a penalty, the cause of action was subject to a one-year statute of limitations under section 13-80-103(1)(d). *Reynolds*, ¶¶ 13-14. The division then determined that (1) section 13-80-108(9) governs the accrual of a cause of action for penalties; (2) "[t]he determination of delinquency" — i.e., "not providing the insurance policy" — is "statutorily established as the thirty-first day after the written request is received by the insurer's registered agent"; and (3) "a cause of action requesting the penalty imposed by section 10-3-1117(3) accrues on the thirty-first day after the insurer receives the written request for information." *Id.* at ¶ 16.

¶ 27    We cannot agree with the *Reynolds* division's conclusion that, under section 10-3-1117, a "determination of delinquency" is "statutorily established" as the thirty-first day after the insurer receives the claimant's request. *Id.* The plain language of section 10-3-1117 does not mention a determination of delinquency; rather, it provides that "damages" begin to accrue thirty-one days after the insurer receives the request. § 10-3-1117(3). Equating this date with the accrual date for the statute of limitations conflates the penalty and damages accrual standards in a way that is

14

inconsistent with the supreme court's analysis in *Rooftop*. *Cf. King Soopers Inc. v. Indus. Claims Appeals Off.*, 2023 COA 73, ¶ 34 ("We are bound to follow Colorado Supreme Court precedent."). Indeed, *Rooftop* rejected the proposition that a cause of action could simultaneously be "a cause of action 'for penalty or forfeiture of any penal statute' (under section 13-80-103(1)(d)) and a 'cause of action for losses or damages' (under section 13-80-108(8))." *Rooftop*, ¶ 16.

¶ 28    Moreover, nothing in section 10-3-1117 identifies who would make the determination of delinquency and start the clock on the statute of limitations. *Reynolds*, ¶ 16, suggests that the claimant makes that determination when the insurer fails to respond within the thirty-day deadline. But the claimant does not make a determination of delinquency; the claimant discovers the "conduct giving rise to the cause of action." § 13-80-108(8).

¶ 29    In *Reynolds*, the claimant could readily ascertain within thirty days that the insurer violated section 10-3-1117 because the insurer did not respond to the claimant's request. But the conclusion that section 10-3-1117 is a penalty becomes problematic when, as alleged here, the insurer responds to a section 10-3-1117(2)(a) request within thirty days but fails to provide the

claimant with all the statutorily required information.  In that circumstance, the claimant may have no knowledge that the insurer's response violated section 10-3-1117 within the thirty-day deadline.  The claimant therefore cannot determine a deficiency in the insurer's response until the claimant "discover[s]" the violation. § 13-80-108(8).  Under *Reynolds*' holding, though, the statute of limitations would nonetheless begin to accrue thirty-one days after the claimant's section 10-3-1117(2)(a) request.  *See id.* Consequently, a claimant's section 10-3-1117 cause of action could be barred by the one-year statute of limitations even though the claimant did not know, and could not reasonably discover, that an insurer had violated its obligation under the statute.  Such an interpretation appears incongruous with the legislature's purpose when enacting section 10-3-1117.  *See* § 10-3-1101(2), C.R.S. 2025; *Pineda-Liberato*, ¶ 22; *cf. Owens v. Brochner*, 474 P.2d 603, 606 (Colo. 1970) ("To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her is patently inconsistent and unrealistic. . . .  To say to one who has been

16

wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." (citation omitted)).

¶ 30    Even if, in light of *Reynolds*, section 10-3-1117 could be considered ambiguous, we think the legislative history supports our interpretation.  *See Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 13 (if a statute is ambiguous, reviewing courts turn to "other interpretive aids to discern the legislature's intent," including "any relevant legislative history").  In 1986, the legislature enacted the current scheme on the statutes of limitation and accompanying accrual provisions.  Ch. 114, sec. 1, §§ 13-80-101 to -118, 1986 Colo. Sess. Laws 695-701.  During a hearing before the House Judiciary Committee, a committee member asked for an example of what causes of action would constitute a penalty subject to the one-year statute of limitations.  Hearing on S.B. 69 before the H. Judiciary Comm., 55th Gen. Assemb., 2d Reg. Sess. (Mar. 13, 1986).  In response, an attorney who assisted in drafting the bill testified that it could refer to taxes: "if somebody failed to pay their taxes within a certain time and the penalty is assessed."  *Id.* (statement of Richard W. Laugesen).  He further explained that additional examples were

17

provided in the bill through the "cross-references" to section 13-80-103. *Id.* The titles of these cross-referenced statutes identify them as penalties, and the assessment of a penalty in those statutes includes, as mentioned by section 13-80-108(9), a predicate regulatory or adjudicative finding of delinquency or overpayment. *See* § 8-72-107(1), (3), C.R.S. 1990 (allowing the division of insurance to fine or imprison employers for each failure to provide tax records);[3] § 8-79-104(1)(a)(II)(A), (1)(d), C.R.S. 2025 (allowing the division of insurance to fine employers for their failure to comply with reporting requirements); § 8-81-101, C.R.S. 2025 (setting out fines and other consequences for entities making false representations or willfully failing to disclose material facts to the division of unemployment insurance).

¶ 31 Construing the plain language of section 10-3-1117 and the relevant statutory scheme, we conclude that section 10-3-1117 is not an action for a penalty or forfeiture for purposes of determining the statute of limitations. *See Rooftop,* ¶ 9 ("[I]f the legislature even

---

[3] The cross-reference to section 13-80-108(9) was later removed from this statute in 1991. Ch. 226, sec. 2, § 8-72-107(3), 1991 Colo. Sess. Laws 1360.

implicitly indicates that a statute is not penal for the purposes of identifying the correct statute of limitations, then [the court] must yield to the intent of the legislature."). A cause of action brought under section 10-3-1117, therefore, is not subject to a one-year statute of limitations.

¶ 32 Then, because a section 10-3-1117 claim is not otherwise enumerated in another statute of limitations, we conclude that such a claim is subject to a two-year statute of limitations under the catchall provision for "[a]ll other actions of every kind for which no other period of limitation is provided." § 13-80-102(1)(i). And because the claim must accrue under some provision of section 13-80-108, *see Rooftop*, ¶ 13 (The statute of limitations is "necessarily connect[ed]" to "one of the dates of accrual laid out in section 13-80-108."), we further conclude that this cause of action "shall be deemed to accrue when the . . . conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." § 13-80-108(8).

¶ 33 Having determined the applicable statute of limitations and accrual period, we conclude that the district court erred by granting

State Farm's C.R.C.P. 12(b)(5) motion and dismissing the Weatherills' section 10-3-1117 claim.

¶ 34 As alleged in the complaint, the Weatherills sent requests to State Farm on January 21, 2021, and February 16, 2021, for insurance coverage information on Ortega under section 10-3-1117(2)(a). On January 29, 2021, State Farm responded to the Weatherills' January request, and it did not provide any further response to the February request. In its response, State Farm provided Ortega's automobile liability policy and declaration, showing liability coverage of $250,000, but it did not disclose Ortega's $1,000,000 umbrella policy. The Weatherills did not discover State Farm's failure to disclose the umbrella policy until October 31, 2022.

¶ 35 Accepting these factual allegations as true, *see Williams*, ¶ 11, the bare allegations of the complaint do not reveal that the statute of limitations had run before the Weatherills filed their complaint, *see Wagner*, 166 P.3d at 307. Regardless of whether we view the Weatherills' two section 10-3-1117(2)(a) requests in isolation (because, as State Farm alleged, only the February 16, 2021, request was sent to the registered agent as directed by section 10-3-

1117) or if we consider them together, the two-year statute of limitations had not run before the Weatherills filed their November 2022 complaint. *See* § 13-80-102(1)(i); § 13-80-108(8). The Weatherills alleged that they did not learn that State Farm's response to the January 21, 2021, request failed to disclose the umbrella policy until October 31, 2022. The Weatherills filed their complaint within two years of this discovery, and they filed their complaint within two years of State Farm's alleged failure to respond to the February 16, 2021, request within thirty days.

¶ 36 The Weatherills therefore were not barred from bringing their section 10-3-1117 claim against State Farm.

### III. Disposition

¶ 37 The judgment is reversed, and the case is remanded to the district court with directions to reinstate the complaint.

JUDGE YUN and JUDGE KUHN concur.

21